**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARC RICHARDSON, <br><br>                Plaintiff, <br><br>     -against- <br><br><br> COMPLEX MEDIA, INC., a Delaware Corporation individually and doing business as "Complex" and "Complex UK"; and DOES 1-10, <br><br>                Defendants. | Civil Action No.: 1:20-cv-06201 (JSR) (KHP) |

---

**DEFENDANT COMPLEX MEDIA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

---

Nancy A. Del Pizzo
nancy.delpizzo@rivkin.com
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,*
*Complex Media, Inc.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

   I.   LEGAL ARGUMENT ................................................................................................. 3

   II.   THE U.S. COPYRIGHT ACT IS NOT EXTRATERRITORIAL NOR DOES IT
      GOVERN FOREIGN INFRINGEMENTS SIMPLY BECAUSE THEY ARE
      VIEWABLE ON THE INTERNET ............................................................................ 4

   III.   PLAINTIFF'S FAILURE TO ALLEGE OTHER REQUIRED ELEMENTS OF HIS
       CLAIM REQUIRES DISMISSAL ............................................................................ 7

   IV.   IF THE COURT GRANTS DISMISSAL, COMPLEX MEDIA SEEKS LEAVE TO
       FILE ITS AFFIDAVIT OF SERVICES AS THE PREVAILING PARTY ...................... 8

CONCLUSION ........................................................................................................................ 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*A Star Grp., Inc. v. Manitoba Hydro*,
No. 13-cv 4501, 2014 WL 2933155 (S.D.N.Y. June 30, 2014) ................................................8

*Brass v. Am. Film Tech., Inc.*
987 F.2d 142 (2d Cir. 1993)....................................................................................................3

*BWP Media USA, Inc. v. Gossip Cop Media, LLC*,
87 F.Supp.3d 499 (S.D.N.Y. 2015) ........................................................................................3

*Calloway v. Marvel Entm't Grp.*,
No. 82-cv-8697, 1983 WL 1141 (S.D.N.Y. June 30, 1983) ................................................7, 8

*Cole v. John Wiley & Sons, Inc.*,
No. 11-cv-2090, 2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012)................................................7

*Craig v. UMG Recordings, Inc.*,
380 F.Supp.3d 324 (S.D.N.Y. 2019)......................................................................................4

*DiMaggio v. Int'l Sports Ltd.*,
No. 97-cv-7767, 1998 WL 549690 (S.D.N.Y. Aug. 31, 1998)................................................7

*EEOC v. Arabian Am. Oil Co.*,
499 U.S. 244 (1991)................................................................................................................4

*Goldman v. Complex Media, Inc.*,
19-cv-02955 (JPO) (June 3, 2019) (D.E. 15)........................................................................8

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009)......................................................................................................3

*Kelly v. L.L. Cool J.*,
145 F.R.D. 32 (S.D.N.Y. 1992) ..............................................................................................7

*Lennon v Seaman*,
No. 99-cv-2664, 2002 WL 109525 (S.D.N.Y. Jan. 28, 2002) ................................................7

*Lindsay v. Wrecked and Abandoned Vessel R.M.S. Titanic*,
52 U.S.P.Q.2d (S.D.N.Y. 1999)..............................................................................................7

*Litecubes, LLC v. N. Light Prods., Inc.*,
523 F.3d 1353 (Fed.Cir.2008)................................................................................................8

*Manhattan Review LLC v. Yun*,
  919 F.3d 149 (2d Cir. 2019)...........................................................................................9

*McBee v. Delica Co.*,
  417 F.3d 107 (1st Cir. 2005).........................................................................................5

*Perfect 10, Inc. v. Yandex N.V.*,
  962 F. Supp. 2d 1146 (N.D. Cal. 2013)........................................................................5

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
  602 F.3d 57 (2d Cir. 2010).............................................................................................4

*Robert Stigwood Group, Ltd. v. O'Reilly*,
  530 F.2d 1096 (2d Cir.), *cert. denied,* 429 U.S. 848 (1976).......................................4

*Roberts v. Keith*,
  No. 04-cv-10079 (LAP), 2009 WL 3572962 (S.D.N.Y. Oct. 23, 2009) ......................8

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
  No. 16-cv-724, 2016 WL 4126543 (S.D.N.Y. Aug. 2, 2016)......................................7

*State St. Glob. Advisors Tr. Co. v. Visbal*,
  431 F. Supp. 3d 322 (S.D.N.Y. 2020)...................................................................5, 6, 8

*Trachtenberg v. Dep't of Educ.*,
  937 F.Supp.2d 460 (S.D.N.Y. 2013)..............................................................................3

*U.S. v. Gonzalez*,
  442 F.2d 698 (2d Cir. 1970)..........................................................................................6

*Update Art, Inc. v. Modiin Publishing, Ltd.*,
  843 F.2d 67 (2d Cir.1988).............................................................................................4

*Watson v. Compagnie Financiere Richmont SA*,
  No. 18-cv-547 (PGG), 2020 WL 5027120 (S.D.N.Y. Aug. 25, 2020).......................8

*Wolstenholme v. Hirst*,
  271 F.Supp.3d 625 (S.D.N.Y. 2017)..............................................................................2

**Federal Statutes**

17 U.S.C. § 101..................................................................................................................2

17 U.S.C. § 412..................................................................................................................7

**Federal Rules**

Fed. R. Civ. P. 4................................................................................................................2

Fed. R. Civ. P. 8(a) ..................................................................................................................7

Fed. R. Civ. P. 12................................................................................................................1, 3, 9

## PRELIMINARY STATEMENT

Defendant, Complex Media, Inc. ("Complex Media"), respectfully submits this memorandum in support of its motion to dismiss the Complaint filed by plaintiff, Marc Richardson ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d). Plaintiff has not alleged any act of copyright infringement occurring in the United States. Because the United States Copyright Act is not extraterritorial, this Complaint must be dismissed.

Plaintiff's sole claim is one count of alleged copyright infringement of a photograph that was posted on a United Kingdom social media page, specifically a United Kingdom Instagram page. This District has held that an alleged infringement occurring on the internet (regardless of whether a website or social media page) is not subject to United States copyright law absent some predicate act having occurred in the United States in furtherance of that alleged infringement. Indeed, the law specifies that having a parent company in the United States is not, on its own, a predicate act; and, the fact that a United States citizen is able to view the alleged infringement by searching on the internet does not bring the claim under United States copyright law. Further, this Court has expressly held that a foreign "Instagram" page, like here, is not subject to United States copyright law simply because it can be viewed by a United States citizen because Instagram servers are located all over the world.

Plaintiff has not alleged any predicate acts occurring in the United States in furtherance of the alleged infringement (and there are none). Plaintiff also failed to allege when the alleged infringement occurred and when he learned of it. Accordingly, the Complaint must be dismissed because Plaintiff has failed to state a claim.

Complex Media also respectfully asks the Court for leave to file an affidavit of services for its legal fees and costs as the prevailing party under section 505 of the U.S. Copyright Act.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

Plaintiff filed a Complaint on August 6, 2020, alleging one count, a First Claim For Relief for copyright infringement under 17 U.S.C. § 101. (*See* Declaration of Nancy A. Del Pizzo ("Del Pizzo Decl."), Exhibit 1, D.E. 1 with exhibits).  On August 13, 2020, defendant, Complex Media, Inc. ("Complex Media"), waived service of the summons under Fed. R. Civ. P. 4., making the deadline for filing the instant motion in lieu of answer October 13, 2020.  (D.E. 8). On September 23, 2020, the Court held a telephone conference whereby Complex Media sought leave to file the instant motion, which the Court granted.  (*See* Docket Text Minute Entry dated September 25, 2020). Complex Media sets forth the basis for its motion to dismiss the Complaint in the following paragraphs.

In the Complaint, Plaintiff alleges he is a "resident of Montreal, Canada" and "sole owner of the exclusive rights" in a photograph of a "British rapper, songwriter and producer named Skepta (the "Photo").  (*Id*. at ¶¶ 4, 9).  Plaintiff alleges that the Photo was infringed when the Photo appeared on complex_uk, a United Kingdom Instagram page.  (*Id*. at ¶ 10). Plaintiff included in his Complaint a "screen capture" of the Photo showing it on the United Kingdom Instagram page.  (*Id*. at ¶ 11). Plaintiff alleges that he registered the photograph with the United States Copyright office on May 6, 2020 under registration number VA 2-206-506. (*Id*. at ¶ 9).

Plaintiff also makes a series of speculative allegations, all alleged on information and belief, including that Complex Media "operates the Complex UK Instagram account and page

---

[1] Complex Media accepts the facts in the Complaint as true only for purposes of this motion.  *See Wolstenholme v. Hirst*, 271 F.Supp.3d 625, 633 (S.D.N.Y. 2017).

using the Instagram handle "complex_uk," and that "defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby."  (*Id.* at ¶ 6, 9).

Notably, Plaintiff fails to allege that Complex Media conducted any predicate acts in the United States in furtherance of the alleged infringement on the United Kingdom Instagram page. Plaintiff also fails to allege when the alleged infringement occurred and when he learned of it.

## I.      LEGAL ARGUMENT

The standard of review for a Fed. R. Civ. P. 12(b)(6) is that the Court will review the complaint and determine if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Trachtenberg v. Dep't of Educ.*, 937 F.Supp.2d 460, 465 (S.D.N.Y. 2013). However, the "tenet" that claims on their face are accepted as true "is inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action . . ." *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009).

Further, this Court is empowered to consider "documents attached to the complaint as an exhibit or incorporated by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *See Brass v. Am. Film Tech., Inc.* 987 F.2d 142, 150 (2d Cir. 1993). Moreover, the Second Circuit "has endorsed the resolution of other copyright questions at the pleadings stage by analyzing the complaint and incorporating by reference the documents referred to therein." *BWP*

*Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F.Supp.3d 499, (S.D.N.Y. 2015) (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63-65 (2d Cir. 2010). For purposes of a copyright action, "the works themselves superseded and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Gaito*, 602 F.3d at 64.

## II.  THE U.S. COPYRIGHT ACT IS NOT EXTRATERRITORIAL NOR DOES IT GOVERN FOREIGN INFRINGEMENTS SIMPLY BECAUSE THEY ARE VIEWABLE ON THE INTERNET

It is well-settled that United States copyright law does not apply to acts of infringement that take place outside of the United States, even if a defendant is a U.S. citizen. *See Craig v. UMG Recordings, Inc.*, 380 F.Supp.3d 324, 331 (S.D.N.Y. 2019); *see also Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir.1988); *Robert Stigwood Group, Ltd. v. O'Reilly,* 530 F.2d 1096, 1101 (2d Cir.), *cert. denied,* 429 U.S. 848 (1976); *see also, EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991) ("[I]t is a long-standing principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States."). In order for a United States company to be liable under the United States Copyright Act for copyright infringement that occurred outside the United States, it must have committed a predicate act within the United States. *See Craig,* 380 F. Supp. 3d at 331 (noting that a predicate act, for example, would be unauthorized manufacture of copyrighted material in the U.S., followed by acts that permitted further reproduction abroad).

No such predicate acts are alleged in the Complaint (nor could they have been alleged since the Complex_UK Instagram account is operated in the United Kingdom by a company called Woot Media Ltd., located in Manchester, England). Moreover, the fact that the Photo was not on Complex Media's United States Instagram page nor on its United States website demonstrates that

there is no logical inference of Complex Media having committed a predicate act in the United States with regard to the alleged infringement on a United Kingdom Instagram page nor that the alleged use of the Photo was directed toward United States readers.

In fact, the fact that a United States citizen can access a foreign infringement on the internet does not cause a foreign infringement to be subject to United States copyright law. This Court expressly held that for the United States Copyright Act to apply, there must be a "plus" factor beyond the mere accessibility of the copyrighted work on the internet. *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020). This Court explained that "plus" factors include (1) the direction of copyrighted material into the United States, (2) when foreign "acts are intended to, and do, have an effect within the United States," and (3) the uploading of copyrighted materials to servers located in the United States. *See also, Perfect 10, Inc. v. Yandex N.V.,* 962 F. Supp. 2d 1146, 1153 (N.D. Cal. 2013), *as amended* (Sept. 6, 2013) (hosting of images on servers in Russia does not constitute copyright infringement in the United States, and expressly rejecting the claim that when images are hosted on servers located in Russia, it violates the "exclusive display right" because users in the United States could download them); *cp McBee v. Delica Co*., 417 F.3d 107 (1ˢᵗ Cir. 2005) (visibility of defendant's website, which was hosted and managed overseas, in the United States does not constitute "domestic conduct" so as to warrant extraterritorial application of Lanham Act).

*State St. Global* is particularly instructive because, like here, it involved a foreign Instagram page. In that case, the Instagram page was from an Australia account; here, it is the United Kingdom. This Court held that defendant's Australian Instagram page was not subject to U.S. copyright law absent a predicate act having occurred in the U.S. *Id.* at 340.  This Court explained:

> As alleged in the SAC [Second Amended Complaint], the Australian firms used the internet to communicate with their domestic audiences, and that, like most everything on the internet, their communications are thus "accessible" in the United States. Such conduct on its own is insufficient to state a claim, given the limitation on the extraterritorial application of United States copyright right law.

*Id.* (denying leave to amend as futile).

Further, this Court noted that there was no allegation that the "images posted by the Australian firms used servers located in the United States." *Id.* at 338. In fact, this Court also stated that such an allegation would not be a logical inference with respect to Instagram because "when large internet service companies [like Instagram] locate servers across the globe, such an inference by the Court is not reasonable." *See id.* Indeed, Instagram's terms of use specifically states that it uses servers outside the United States:[2]

> To provide our global Service, we must store and transfer data across our systems around the world, including outside of your country of residence. This infrastructure may be owned or operated by Facebook Inc., Facebook Ireland Limited, or their affiliates.

https://help.instagram.com/581066165581870. Instagram's data policy similarly states:

> Your information may, for example, be transferred or transmitted to, or stored and processed in the United States or other countries outside of where you live for the purposes as described in this policy. These data transfers are necessary to provide the services set forth in the Facebook Terms and Instagram Terms and to globally operate and provide our Products to you.

https://help.instagram.com/519522125107875?helpref=page_content.

Accordingly, because the United States Copyright Act does not apply to this claim, the Complaint must be dismissed.

---

[2] In addition to the binding precedent of *St. Street Global*, this Court is empowered to take judicial notice where adequate information is available, such Instagram's own statement on its website as to its use of servers throughout the world. *See U.S. v. Gonzalez*, 442 F.2d 698, 707 (2d Cir. 1970).

### III.   PLAINTIFF'S FAILURE TO ALLEGE OTHER REQUIRED ELEMENTS OF HIS CLAIM REQUIRES DISMISSAL

As noted above, Plaintiff fails to allege any specific act that Complex Media purportedly did in the U.S. that resulted in copyright infringement. But he also neither alleges any timeframe whatsoever for when the alleged infringement occurred nor when Plaintiff learned of the alleged infringement. This is fatal to his claim too. *See Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (A "properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright), *aff'd sub nom,* 23 F.3d 398 (2d Cir. 1994 ); *see Cole v. John Wiley & Sons, Inc.,* No. 11-cv-2090, 2012 WL 3133520, at *13–14 (S.D.N.Y. Aug. 1, 2012) (dismissing copyright claims) (citing *DiMaggio v. Int'l Sports Ltd.,* No. 97-cv-7767, 1998 WL 549690, at *2 (S.D.N.Y. Aug. 31, 1998)(failure to plead required claims is fatal to complaint); *see also Lennon v Seaman,* No. 99-cv-2664, 2002 WL 109525, at *6 (S.D.N.Y. Jan. 28, 2002); *see also Calloway v. Marvel Entm't Grp.,* No. 82-cv-8697, 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983) (dismissing plaintiff's claims for failure to comply with the requirements of Rule 8(a), where the complaint failed to specify the dates on which the alleged infringements occurred).[3] Thus, the fact that Plaintiff is unable to allege what time these supposed acts of infringement occurred also requires dismissal. *See Lindsay v. Wrecked and Abandoned Vessel*

---

[3] Further demonstrating the frivolous nature of this claim, even if Plaintiff had a valid claim under U.S. copyright law, which he does not, he could not obtain statutory damages or attorneys' fees because the Photo was posted on the United Kingdom Instagram page before Plaintiff registered it with the U.S. Copyright Office. *See* 17 U.S.C. § 412; see, e.g., *Solid Oak Sketches, LLC v. 2K Games, Inc.*, No.16-cv-724, 2016 WL 4126543 (S.D.N.Y. Aug. 2, 2016) ("[S]ection 412 of the Copyright Act imposes a bright-line rule that precludes recovery of statutory damages and attorneys' fees where the first act of infringement . . . occurred prior to the work's copyright registration…").

*R.M.S. Titanic,* 52 U.S.P.Q.2d, 1609, 1612 (S.D.N.Y. 1999); *see Calloway,* 1983 WL 1141, at *3; *see also, Goldman v. Complex Media, Inc*., 19-cv-02955 (JPO) (June 3, 2019) (D.E. 15) (dismissing Complaint for failure to plead "'by what acts during what time the defendant infringed the copyright, which is the fourth necessary element of a properly pleaded copyright claim.'"). (Order of the Hon. J. Paul Oetken, U.S.D.J. is attached to Del Pizzo Decl. as Exhibit 2).

Because United States copyright law is not extraterritorial, and Plaintiff otherwise fails to state when the alleged infringements occurred and when he learned of the alleged infringements, the Complaint must be dismissed and Plaintiff should not be granted leave to amend, because amendment is futile. *See, e.g., A Star Grp., Inc. v. Manitoba Hydro*, No. 13-cv 4501, 2014 WL 2933155, at *6 (S.D.N.Y. June 30, 2014).

## IV.   IF THE COURT GRANTS DISMISSAL, COMPLEX MEDIA ASKS THE COURT TO GRANT IT FEES AND COSTS AND SEEKS LEAVE TO FILE ITS AFFIDAVIT OF SERVICES AS THE PREVAILING PARTY

This District treats this issue as failure to state a claim; thus, attorneys' fees are available to a defendant that has copyright claims against it dismissed. *See Roberts v. Keith*, No. 04-cv-10079 (LAP), 2009 WL 3572962, at *2 (S.D.N.Y. Oct. 23, 2009); *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020); *Watson v. Compagnie Financiere Richmont SA*, No. 18-cv-547 (PGG), 2020 WL 5027120, at *7 (S.D.N.Y. Aug. 25, 2020). This Court in *Roberts* specifically stated "[b]ecause Congress never indicated whether the extraterritorial limitations on the scope of the Copyright Act [ ] limit the subject matter jurisdiction of the federal courts, this Court will treat the issue as an element of Plaintiff's claim."

The Federal Circuit, too, acknowledges that where an allegation under the United States Copyright Act is not sustainable, it is treated as an element of the claim, not a predicate for subject matter jurisdiction. *See Litecubes, LLC v. N. Light Prods., Inc.,* 523 F.3d 1353, 1367

(Fed.Cir.2008) (whether an accused action is within the extraterritorial limitation [of the Copyright Act] should be treated as an element of the claim, not a predicate for subject matter jurisdiction"). Further, the Second Circuit recently held that a defendant is considered a "prevailing party" under the attorneys' fees statute even if the defendant obtained dismissal on the non merits ground, like collateral estoppel. *See Manhattan Review LLC v. Yun*, 919 F.3d 149, 153 (2d Cir. 2019).

Accordingly, if this Court grants this motion, Complex Media respectfully asks the Court to grant it attorneys' fees and costs under 17 U.S.C. § 505 and leave to file its affidavit of services with regard to same.

## CONCLUSION

For the foregoing reasons, defendant Complex Media, Inc., respectfully ask the Court to dismiss the Complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d), and grant Complex Media its legal fees and costs under 17 U.S.C. § 505 and leave to file its affidavit of services for same.

Dated:  October 13, 2020                    Respectfully,
                                            **RIVKIN RADLER LLP**

                                            By:    s/ Nancy A. Del Pizzo
                                                   Nancy A. Del Pizzo
                                                   25 Main Street
                                                   Court Plaza North
                                                   Hackensack, New Jersey 07601
                                                   (201) 287-2460 (T)

                                                    - and-

                                                   477 Madison Avenue
                                                   New York, New York 10022
                                                   (212) 455-9555 (T)

                                                   *Attorneys for Defendant,*
                                                   *Complex Media, Inc.*