UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC RICHARDSON,<br><br>                    Plaintiff,<br><br>        -against-<br><br>COMPLEX MEDIA, INC., a Delaware Corporation individually and doing business as "Complex" and "Complex UK"; W00T! Media Ltd., a United Kingdom Private Limited Company; and DOES 1-10,<br><br>                    Defendants. | Civil Action No.: 1:20-cv-06201 (JSR) (KHP) |

**DEFENDANT COMPLEX MEDIA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Nancy A. Del Pizzo
nancy.delpizzo@rivkin.com
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,*
*Complex Media, Inc.*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY......................................................... 2

    I.   LEGAL ARGUMENT................................................................................................ 5

    II.  THE U.S. COPYRIGHT ACT IS NOT EXTRATERRITORIAL NOR DOES IT GOVERN FOREIGN INFRINGEMENTS SIMPLY BECAUSE THEY ARE VIEWABLE ON THE INTERNET.................................................................................. 5

    III. IF THE COURT GRANTS DISMISSAL, COMPLEX MEDIA ASKS THE COURT TO GRANT IT FEES AND COSTS AND SEEKS LEAVE TO FILE ITS AFFIDAVIT OF SERVICES AS THE PREVAILING PARTY................................................................... 10

CONCLUSION............................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A Star Grp., Inc. v. Manitoba Hydro*,
   No. 13-cv 4501, 2014 WL 2933155 (S.D.N.Y. June 30, 2014) ..................................................9

*Brass v. Am. Film Tech., Inc.*
   987 F.2d 142 (2d Cir. 1993)......................................................................................................5

*BWP Media USA, Inc. v. Gossip Cop Media, LLC*,
   87 F.Supp.3d 499 (S.D.N.Y. 2015) ..........................................................................................5

*Craig v. UMG Recordings, Inc.*,
   380 F.Supp.3d 324 (S.D.N.Y. 2019).....................................................................................5, 6

*EEOC v. Arabian Am. Oil Co.*,
   499 U.S. 244 (1991)..................................................................................................................6

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009)........................................................................................................5

*Litecubes, LLC v. N. Light Prods., Inc.*,
   523 F.3d 1353 (Fed.Cir.2008).................................................................................................10

*Manhattan Review LLC v. Yun*,
   919 F.3d 149 (2d Cir. 2019)....................................................................................................10

*McBee v. Delica Co.*,
   417 F.3d 107 (1st Cir. 2005).....................................................................................................7

*Perfect 10, Inc. v. Yandex N.V.*,
   962 F. Supp. 2d 1146 (N.D. Cal. 2013), *as amended* (Sept. 6, 2013) ......................................7

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
   602 F.3d 57 (2d Cir. 2010)........................................................................................................5

*Robert Stigwood Group, Ltd. v. O'Reilly*,
   530 F.2d 1096 (2d Cir.), *cert. denied*, 429 U.S. 848 (1976).....................................................6

*Roberts v. Keith*,
   No. 04-cv-10079, 2009 WL 3572962 (S.D.N.Y. Oct. 23, 2009)............................................10

*State St. Glob. Advisors Tr. Co. v. Visbal*,
   431 F. Supp. 3d 322 (S.D.N.Y. 2020).........................................................................6, 7, 8, 10

*Trachtenberg v. Dep't of Educ.*,
   937 F.Supp.2d 460 (S.D.N.Y. 2013)..................................................................................5

*U.S. v. Gonzalez*,
   442 F.2d 698 (2d Cir. 1970)..............................................................................................8

*Update Art, Inc. v. Modiin Publishing, Ltd.*,
   843 F.2d 67 (2d Cir.1988).................................................................................................5

*Watson v. Compagnie Financiere Richmont SA*,
   No. 18-cv-547, 2020 WL 5027120 (S.D.N.Y. Aug. 25, 2020)........................................10

*Wolstenholme v. Hirst*,
   271 F.Supp.3d 625 (S.D.N.Y. 2017).................................................................................2

**Federal Statutes**

17 U.S.C. § 101....................................................................................................................2

**Federal Rules**

Fed. R. Civ. P. 4..................................................................................................................2

Fed. R. Civ. P. 12........................................................................................................1, 5, 11

**PRELIMINARY STATEMENT**

Defendant, Complex Media, Inc. ("Complex Media"), respectfully submits this memorandum in support of its motion to dismiss the First Amended Complaint filed by plaintiff, Marc Richardson ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d). As did his initial complaint, Plaintiff still has not alleged any act of copyright infringement occurring in the United States. Because the United States Copyright Act is not extraterritorial, this First Amended Complaint must be dismissed.

Plaintiff's sole claim is one count of alleged copyright infringement of a photograph that was posted on a United Kingdom social media page, specifically a United Kingdom Instagram page, and by a United Kingdom based company (now named as an additional defendant). This District has held that an alleged infringement occurring on the internet (regardless of whether a website or social media page) is not subject to United States copyright law absent some predicate act having occurred in the United States in furtherance of that alleged infringement. Indeed, the law specifies that having a parent company (or affiliate) in the United States is not, on its own, a predicate act; and, the fact that a United States citizen is able to view the alleged infringement by searching on the internet does not bring the claim under United States copyright law. Further, this Court has already expressly held that a foreign "Instagram" page, like here, is not subject to United States copyright law simply because it can be viewed by a United States citizen because Instagram servers are located all over the world.

The fact that Plaintiff now speculates in his amendment that, upon information and belief, Instagram somehow used a U.S. server for this particular United Kingdom Instagram page cannot overcome the decision of this Court nor does it support a predicate act in the U.S. at the hands of defendant, Complex Media. Plaintiff also now claims, on information and belief, that the United

1

Kingdom Instagram page includes a link to Complex Media's United States website. This is plainly refuted by viewing (and clicking the link to) the United Kingdom Instagram page Plaintiff references in his Amended Complaint – which includes a link to Complex Media's United Kingdom website – not its U.S. website. Further, there are no allegations that the alleged infringed photograph appears on any website, much less one based in the U.S. (nor does it). A complaint cannot survive blanket conclusory speculations that are not true – as refuted by decisions of this Court and as evidenced by "viewing" the very social media page that demonstrates the allegation purportedly "on information and belief" is untrue.

Thus, Plaintiff still has not alleged any predicate acts occurring in the United States in furtherance of the alleged infringement (and there are none). Accordingly, the First Amended Complaint must be dismissed because Plaintiff has failed to state a claim.

Complex Media also respectfully asks the Court for leave to file an affidavit of services for its legal fees and costs as the prevailing party under section 505 of the U.S. Copyright Act.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

Plaintiff filed a Complaint on August 6, 2020, alleging one count, a First Claim For Relief for copyright infringement under 17 U.S.C. § 101. (*See* D.E. 1). On August 13, 2020, defendant, Complex Media, Inc. ("Complex Media"), waived service of the summons under Fed. R. Civ. P. 4., making the deadline for filing the instant motion in lieu of answer October 13, 2020. (D.E. 8). On September 23, 2020, the Court held a telephone conference whereby Complex Media sought leave to file the instant motion, which the Court granted. (*See* Docket Text Minute Entry dated September 25, 2020). On October 13, 2020, Complex Media filed a motion to dismiss the

---

[1] Complex Media accepts the facts in the First Amended Complaint as true only for purposes of this motion. *See Wolstenholme v. Hirst*, 271 F.Supp.3d 625, 633 (S.D.N.Y. 2017).

Complaint. (D.E. 12). Rather than file a response to the motion, on October 27, 2020, Plaintiff filed a First Amended Complaint for Copyright Infringement (Amended Complaint). (Declaration of Nancy A. Del Pizzo ("Del Pizzo Decl."), **Exhibit A**; D.E. 27).  In lieu of an answer, on November 10, 2020, Complex Media filed this motion to dismiss the Amended Complaint, which remains subject to dismissal.

In the Amended Complaint, Plaintiff alleges he is a "resident of Montreal, Canada" and "sole owner of the exclusive rights" in a photograph of a "British rapper, songwriter and producer named Skepta" (the "Photo").  (*Id*. at Exhibit A, ¶¶ 4, 11).  Plaintiff alleges that the Photo was infringed when the Photo appeared on complex_uk, a United Kingdom Instagram page "at least as early as May 2, 2020."  (*Id*. at ¶¶ 12, 22). Plaintiff included in his Amended Complaint a "screen capture" of the Photo showing it on a United Kingdom Instagram page.  (*Id*. at ¶ 22). Plaintiff alleges that he registered the photograph with the United States Copyright office on May 6, 2020 under registration number VA 2-206-506. (*Id*. at ¶¶ 12, 22). Plaintiff alleges that the alleged infringement on the United Kingdom Instagram page occurred before he registered the work, "at least as early as May 2, 2020," and fails to allege when he learned of the alleged infringement.  (*Id*. at ¶ 12).

Plaintiff also makes a series of speculative allegations, all alleged on information and belief, including that Complex Media operates "the Complex UK Instagram account and page using the Instagram user name "complex_uk," and that "Woot Media was acting as an affiliate of Complex . . . with Complex's full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby."  (*Id*. at ¶¶7, 8).  Additional allegations on information and belief include that: this United Kingdom company "is doing business in and with state of New York,"

3

and that somehow the United Kingdom Instagram page is "targeted and directed at Instagram users in the United States," even though it is (and is alleged to be) a United Kingdom social media page, and that the United Kingdom Instagram page includes a "linkin.bio" feature that "allows users to click on photographs on United Kingdom Instagram" page "to view content on www.complex.com," allegedly a U.S. website. (*Id*. at ¶¶ 17, 18).

Plaintiff's conclusory allegations made upon information and belief are belied by the readily available proof. To wit, a review of the NYS Division of Corporations state records show that the United Kingdom company, now a named defendant (w00t! Media Ltd.), is not registered to do business in New York nor is there any address for the company in New York (or in the United States) alleged (or available), a review Plaintiff could have taken before making an allegation "upon information and belief;" and, when viewers of the United Kingdom Instagram page at complex_uk click on "linkin.bio," they are directed to Complex Media's United Kingdom website – not its United States website. (Del Pizzo Decl., **Exhibit B**, representative pages from the United Kingdom Instagram page). Nor is there any allegation that the alleged infringed photograph appears on any website (or anywhere other than on the United Kingdom Instagram page). To the contrary, the sole example of the alleged infringement is on the United Kingdom Instagram page. (See **Exhibit B**, and **Exhibit A**, Amended Complaint, ¶ 22, showing a screen capture of the alleged infringement itself).

Accordingly, Plaintiff's amended pleading still fails to allege that Complex Media conducted any predicate acts in the United States in furtherance of the alleged infringement on the United Kingdom Instagram page.

## I. LEGAL ARGUMENT

The standard of review for a Fed. R. Civ. P. 12(b)(6) is that the Court will review the complaint and determine if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Trachtenberg v. Dep't of Educ.*, 937 F.Supp.2d 460, 465 (S.D.N.Y. 2013). However, the "tenet" that claims on their face are accepted as true "is inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action . . ." *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009).

Further, this Court is empowered to consider "documents attached to the complaint as an exhibit or incorporated by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *See Brass v. Am. Film Tech., Inc*. 987 F.2d 142, 150 (2d Cir. 1993). Moreover, the Second Circuit "has endorsed the resolution of other copyright questions at the pleadings stage by analyzing the complaint and incorporating by reference the documents referred to therein." *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F.Supp.3d 499, (S.D.N.Y. 2015) (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63-65 (2d Cir. 2010).

For purposes of a copyright action, "the works themselves superseded and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings."  *Gaito*, 602 F.3d at 64.

## II. THE U.S. COPYRIGHT ACT IS NOT EXTRATERRITORIAL NOR DOES IT GOVERN FOREIGN INFRINGEMENTS SIMPLY BECAUSE THEY ARE VIEWABLE ON THE INTERNET

It is well-settled that United States copyright law does not apply to acts of infringement that take place outside of the United States, even if a defendant is a U.S. citizen. *See Craig v. UMG Recordings, Inc.*, 380 F.Supp.3d 324, 331 (S.D.N.Y. 2019); *see also Update Art, Inc. v. Modiin*

*Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir.1988); *Robert Stigwood Group, Ltd. v. O'Reilly,* 530 F.2d 1096, 1101 (2d Cir.), *cert. denied,* 429 U.S. 848 (1976); *see also, EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991) ("[I]t is a long-standing principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States."). In order for a United States company to be liable under the United States Copyright Act for copyright infringement that occurred outside the United States, it must have committed a predicate act within the United States. *See Craig,* 380 F. Supp. 3d at 331 (noting that a predicate act, for example, would be unauthorized manufacture of copyrighted material in the U.S., followed by acts that permitted further reproduction abroad).

No such predicate acts are alleged in the Amended Complaint (nor could they have been alleged since the Complex_UK Instagram account is operated in the United Kingdom by a company called w00t! Media Ltd., located in Manchester, England, which is now a named defendant). Moreover, the fact that the Photo was not on Complex Media's United States Instagram page nor on its United States website (nor on any website at all) demonstrates that there is no logical inference of Complex Media having committed a predicate act in the United States with regard to the alleged infringement on a United Kingdom Instagram page nor that the alleged use of the Photo was directed toward United States readers.

In fact, the fact that a United States citizen can access a foreign infringement on the internet does not cause a foreign infringement to be subject to United States copyright law. This Court expressly held that for the United States Copyright Act to apply, there must be a "plus" factor beyond the mere accessibility of the copyrighted work on the internet. *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020). This Court explained that "plus" factors include (1) the direction of copyrighted material into the United States, (2) when foreign "acts are

intended to, and do, have an effect within the United States," and (3) the uploading of copyrighted materials to servers located in the United States. *See also, Perfect 10, Inc. v. Yandex N.V.,* 962 F. Supp. 2d 1146, 1153 (N.D. Cal. 2013), *as amended* (Sept. 6, 2013) (hosting of images on servers in Russia does not constitute copyright infringement in the United States, and expressly rejecting the claim that when images are hosted on servers located in Russia, it violates the "exclusive display right" because users in the United States could download them); *cp McBee v. Delica Co.*, 417 F.3d 107 (1st Cir. 2005) (visibility of defendant's website, which was hosted and managed overseas, in the United States does not constitute "domestic conduct" so as to warrant extraterritorial application of Lanham Act).

*State St. Global* is particularly instructive because, like here, it involved a foreign Instagram page. In that case, the Instagram page was from an Australia account; here, it is the United Kingdom. This Court held that defendant's Australian Instagram page was not subject to U.S. copyright law absent a predicate act having occurred in the U.S. *Id*. at 340.  This Court explained:

> As alleged in the SAC [Second Amended Complaint], the Australian firms used the internet to communicate with their domestic audiences, and that, like most everything on the internet, their communications are thus "accessible" in the United States. Such conduct on its own is insufficient to state a claim, given the limitation on the extraterritorial application of United States copyright right law.

*Id*. (denying leave to amend as futile).

Further, this Court noted that there could be no logical allegation that the "images posted by the Australian firms used servers located in the United States." *Id*. at 338.  In fact, this Court stated that such an allegation <u>would not be a logical inference</u> with respect to Instagram because "when large internet service companies [like Instagram] locate servers across the globe, such an

7

inference by the Court is not reasonable." *See id*. Indeed, Instagram's terms of use specifically states that it uses servers outside the United States:[2]

> To provide our global Service, we must store and transfer data across our systems around the world, including outside of your country of residence. This infrastructure may be owned or operated by Facebook Inc., Facebook Ireland Limited, or their affiliates.

https://help.instagram.com/581066165581870. Instagram's data policy similarly states:

> Your information may, for example, be transferred or transmitted to, or stored and processed in the United States or other countries outside of where you live for the purposes as described in this policy. These data transfers are necessary to provide the services set forth in the Facebook Terms and Instagram Terms and to globally operate and provide our Products to you.

https://help.instagram.com/519522125107875?helpref=page_content.

Here, Plaintiff alleges that the alleged infringed photograph appeared on a United Kingdom Instagram page, operated by a United Kingdom company (w00t! Media Ltd.) for Complex Media. As the Court has held, a company having a foreign affiliate allegedly infringe a work in a foreign country is not governed by U.S. Copyright Law.

Plaintiff also alleges that viewers to the United Kingdom Instagram page can, if they wish, click on a link that then moves the viewer to a page at a United States Complex Media website. Not only is that untrue (the available link on the United Kingdom Instagram page is to "Complex UK," a United Kingdom website), but even if it were a link to a U.S. website, which it is not, there is no allegation that the alleged infringed photograph is viewable on that website (or any website). (Because it simply is not there).

---

[2] In addition to the binding precedent of *St. Street Global*, this Court is empowered to take judicial notice where adequate information is available, such as Instagram's own statement on its website as to its use of servers throughout the world. *See U.S. v. Gonzalez*, 442 F.2d 698, 707 (2d Cir. 1970).

8

It would appear that Plaintiff seeks to make the argument that if a viewer goes to a foreign social media page where an alleged infringed photo sits and has an opportunity from that page to click a link to a U.S. website, that somehow translates to a predicate act having occurred in the U.S. to advance an infringement. That argument is not plausible because an alleged infringer needs to have directed copyrighted material into the United States. In what seemingly would be Plaintiff's position, the viewer in the United Kingdom is actually leaving the alleged infringement behind – not viewing it in or from the United States. Similarly, this argument fails to demonstrate how the alleged foreign act was *intended to, and did,* have an effect within the United States. In other words, if a viewer is able to access a U.S. website from the foreign Instagram page and that U.S. website is not even alleged to have hosted the photograph, Plaintiff cannot plausibly allege that the placement of the photograph on the foreign Instagram page was intended to, and did, have an effect within the United States by allowing social media users to view the photograph on the U.S. website. Thus, Plaintiff fails to allege any of the plus factors identified by this Court in *State Street Global*.

There also is no case law that supports that U.S. Copyright Law applies to an infringement that occurred outside the U.S. if the page where that infringement occurs gives the viewer an option of linking to a website in the U.S. that does not include the alleged infringed photograph. The place of the alleged infringement is expressly shown in the Amended Complaint by way of a screenshot of the image from complex_uk, and by way of the stated allegations throughout the Amended Complaint as to where the alleged infringed photograph is found. .

Accordingly, because the United States Copyright Act does not apply to this claim, the Complaint must be dismissed.

### III.     IF THE COURT GRANTS DISMISSAL, COMPLEX MEDIA ASKS THE COURT TO GRANT IT FEES AND COSTS AND SEEKS LEAVE TO FILE ITS AFFIDAVIT OF SERVICES AS THE PREVAILING PARTY

This District treats this issue as failure to state a claim; thus, attorneys' fees are available to a defendant that has copyright claims against it dismissed. *See Roberts v. Keith*, No. 04-cv-10079 (LAP), 2009 WL 3572962, at *2 (S.D.N.Y. Oct. 23, 2009); *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020); *Watson v. Compagnie Financiere Richmont SA*, No. 18-cv-547 (PGG), 2020 WL 5027120, at *7 (S.D.N.Y. Aug. 25, 2020). This Court in *Roberts* specifically stated "[b]ecause Congress never indicated whether the extraterritorial limitations on the scope of the Copyright Act [ ] limit the subject matter jurisdiction of the federal courts, this Court will treat the issue as an element of Plaintiff's claim."

The Federal Circuit, too, acknowledges that where an allegation under the United States Copyright Act is not sustainable, it is treated as an element of the claim, not a predicate for subject matter jurisdiction. *See Litecubes, LLC v. N. Light Prods., Inc.,* 523 F.3d 1353, 1367 (Fed.Cir.2008) (whether an accused action is within the extraterritorial limitation [of the Copyright Act] should be treated as an element of the claim, not a predicate for subject matter jurisdiction"). Further, the Second Circuit recently held that a defendant is considered a "prevailing party" under the attorneys' fees statute even if the defendant obtained dismissal on the non merits ground, like collateral estoppel. *See Manhattan Review LLC v. Yun*, 919 F.3d 149, 153 (2d Cir. 2019).

Accordingly, if this Court grants this motion, Complex Media respectfully asks the Court to grant it attorneys' fees and costs under 17 U.S.C. § 505 and leave to file its affidavit of services with regard to same.

10

Finally, and like this Court did in *State St. Global*, this Court should deny any request for leave to amend the complaint another time as futile. *See State St. Global*, 431 F. Supp. 3d at 340. There is no basis to allow this Plaintiff to add additional speculative allegations. He has now had two bites at the apple, and there still is no support for U.S. Copyright Law to apply to his claim.

**CONCLUSION**

For the foregoing reasons, defendant Complex Media, Inc., respectfully ask the Court to dismiss the Complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d), and grant Complex Media its legal fees and costs under 17 U.S.C. § 505 and leave to file its affidavit of services for same.

Dated:  November 10, 2020

Respectfully submitted,
**RIVKIN RADLER LLP**

By:   s/ Nancy A. Del Pizzo
Nancy A. Del Pizzo
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)

*Attorneys for Defendant,
Complex Media, Inc.*