**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARC RICHARDSON, | Civil Action No.: 1:20-cv-06201-JSR |
| Plaintiff, | |
| v. | |
| COMPLEX MEDIA, INC., a Delaware Corporation individually and doing business as "Complex" and "Complex UK"; W00T!Media Ltd., a United Kingdom Private Limited Company; and DOES 1 through 10, | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**ORAL ARGUMENT REQUESTED**

## **TABLE OF CONTENTS**

I.   This Motion should be denied. ................................................................................ 1

II.   Legal standard ...................................................................................................... 2

III.   Argument ............................................................................................................. 3

   A.   Defendant's Arguments Lack Merit .................................................................. 4

     1.   The infringement occurred in the United States ................................................. 4

     2.   The "predicate act" doctrine applies ................................................................. 6

     3.   Richardson has adequately pled the "plus-factors" ........................................... 8

     4.   Complex's own website makes clear
        that it owns and controls the Complex UK website ....................................... 12

     5.   Complex is liable for the acts of W00T! Media ............................................. 14

   B.   The Claim for Secondary Liability Survives ................................................... 16

   C.   Attorneys' Fees ............................................................................................... 17

IV.   Leave to amend should be granted. ..................................................................... 17

V.   Conclusion .......................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*APL Microscopic, LLC v. United States*,
144 Fed. Cl. 489 (2019) ................................................................................. 6

*Armstrong v. Virgin Records, Ltd.*,
91 F. Supp. 2d 628 (S.D.N.Y. 2000)............................................................. 14

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................... 3

*Automattic., Inc. v. Steiner*,
*82 F. Supp*. 3d 1011 (N.D. Cal. 2015) .......................................................... 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........................... 3

*California Beach Co., LLC . v. Han Xian Du*,
2020 WL 6276987 (N.D. Cal. Aug. 13, 2020)............................................... 5

*Capitol Records, LLC v. ReDigi Inc.*,
934 F.Supp.2d 640 (S.D.N.Y. 2013)....................................................... 5, 15

*Chen v. Major League Baseball Properties, Inc.*,
798 F.3d 72 (2d Cir. 2015)............................................................................ 2

*Craig v. UMG Recordings, Inc.*,
380 F. Supp. 3d 324 (S.D.N.Y. 2019).................................................. 7, 15, 16

*Crunchyroll, Inc. v. Pledge*,
2014 WL 1347492 (N.D. Cal. Mar. 31, 2014)........................................... 7, 9

*Estate of Lennon by Lennon v. Screen Creations, Ltd.*,
939 F. Supp. 287 (S.D.N.Y. 1996)................................................................ 3

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517................................................................................................ 17

*GB Marketing USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*,
782 F.Supp. 763 (W.D.N.Y.1991) ............................................................... 14

*Harris v. Wu-Tang Productions, Inc.*,
2006 WL 1677127 (S.D.N.Y. June 16, 2006)............................................. 17

*Hoepker v. Kruger*,
200 F.Supp.2d 340 (S.D.N.Y. 2002)........................................................... 17

iii

*Levitin v. Sony Music Entm't,*
    101 F. Supp. 3d 376 (S.D.N.Y. 2015)................................................................. 7, 8

*Los Angeles News Service v. Conus Communications Co. Ltd.,*
    969 F.Supp. 579)(C.D.Cal.1997) ................................................................ 16

*Metzke,*
    878 F.Supp. ............................................................................................... 14

*Michael Grecco Prods. V. Valuewalk LLC,*
    345 F. Supp. 3d 482 (S.D.N.Y. 2018) ........................................................ 10

*Nicosia v. Amazon.com, Inc.,*
    834 F.3d 220 (2d Cir. 2016) ...................................................................... 2

*Robert Stigwood Grp. Ltd. v. O'Reilly,*
    530 F.2d 1096 (2d Cir. 1976) ................................................................. 7, 15

*Ronzani v. Sanofi S.A.,*
    899 F.2d 195 (2d Cir. 1990) .................................................................... 17

*Shropshire v. Canning,*
    809 F. Supp. 2d 1139 (N.D. Cal. 2011) ................................................... 7, 9

*Spanski Enters. V. Telewizja Polska, S.A.,*
    883 F.3d 904) (D.D.C. 2018) ............................................................... 10, 12

*State St. Glob. Advisors Tr. Co. v. Visbal,*
    431 F. Supp. 3d 322 (S.D.N.Y. 2020) ..................................................... 9, 15

*United Features Syndicate, Inc. v. Miller Features Syndicate, Inc.,*
    216 F. Supp. 2d 198 (S.D.N.Y. 2002) ..................................................... 10

*Update Art, Inc. v. Modiin Publ'g, Ltd.,*
    843 F.2d 67 (2d Cir.1988) ................................................................ 4, 6, 15

*Yurman Design, Inc. v. PAJ, Inc.,*
    262 F.3d 101 (2d Cir. 2001) ..................................................................... 3

Statutes

17 U.S.C. § 101 ...................................................................................... 6

17 U.S.C. § 106 ...................................................................................... 3

17 U.S.C. § 106(1) .............................................................................. 5, 11

17 U.S.C. § 106(5) ................................................................................. 6

Rules

Fed. R. Civ. P. 8 ................................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 2

Fed. R. Civ. P. 12(d) ...................................................................................................... 3, 13

Fed. R. Civ. P. 15 ............................................................................................................... 17

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

<u>**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION**</u>

**I.      This Motion should be denied.**

Complex Media, Inc.'s Motion to Dismiss ("Motion") must be denied. This case addresses willful copyright infringement by a media company and online clothing retailer that understands that photographs (and other content) cannot be exploited without the owner's consent. Yet, here, they illicitly exploited Plaintiff Marc Richardson's photography notwithstanding this knowledge.

The Motion asks the Court to ignore the basic alleged facts and draw illogical inferences in Defendant's favor and relies on facts outside the four corners of the operative First Amended Complaint ("FAC"). Even then, the purported facts lack sufficient evidentiary basis or are simply untrue. The Motion also fails entirely to address Richardson's claim for vicarious and/or contributory copyright infringement and as such, at minimum, that claim must survive the Motion.

Richardson is an accomplished writer and photographer. His work focuses primarily on fashion, culture, and the intersection between the two, querying as to what are the clothes we wear and why do we wear them. He has spent the better part of the last decade cataloguing menswear from New York and London to Florence and Paris. Richardson invests in heavily in his photography practice, traveling to fashion centers around the world and developing a catalogue of images to license to fashion and culture outlets.

This case involves the infringement of Richardson's photograph of famous British rapper Skepta (the "Photograph") by the Defendants Complex and W00T! Media Ltd. ("W00T! Media") As pled in detail in the operative complaint, Complex has offices only in New York. It operates and controls the website located at https://www.instagram.com/complex_uk/, and together with its affiliate W00T! Media, with whom Complex works to publish content on the

aforementioned site, unlawfully copied and displayed the Photograph on a United States website that operates via United States servers (viz., @complex_uk) without authorization. Complex's unlawful reproduction of the Photograph also appeared under the name @complex_uk within the Instagram application, which is operated by Instagram, LLC, in California under California law.[1] As alleged, W00T! Media, acted with the authority of, and for the benefit of, Complex, in contributing to the publication of the Photograph on the internet and within the Instagram application.

Because the Complaint adequately pleads all facts and theories supporting his claims and must be taken as true at the pleading stage of the litigation, Defendant's argument that the there was no predicate act of infringement in the United States and its attack on the sufficiency of Richardson's pleadings fails. The Motion should be denied.

## II.    Legal standard

A complaint is sufficient if it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss "for failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must construe "the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016), *quoting Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 76 (2d Cir. 2015). Additionally, a pleading is adequate if it contains sufficient factual matter that, if accepted as true, states a claim that is plausible on its

---

[1] Per Instagram's Terms of Use, "The laws of the State of California, to the extent not preempted by or inconsistent with federal law, will govern these Terms and any claim, without regard to conflict of law provisions." See https://www.facebook.com/help/instagram/termsofuse (last visited November 24, 2020 at 10:53 am EST).

face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Thus, in order to survive a motion to dismiss, a complaint based on copyright infringement must allege "both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant[s]." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001). And where, as here, a plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Ashcroft*, 556 U.S. at 678, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Richardson's Complaint ably meets this standard. Indeed, in failing to move to dismiss his claim for Vicarious and/or Contributory Copyright Infringement against Complex, Complex concedes that the claim is well-plead.

Complex's request that the Court grant its Motion under Fed. R. Civ. P. 12(d) also fails. Complex does not (and cannot) establish that www.complex.com or https://www.instagram.com/complex_uk/ is a United Kingdom website and it asks the court to convert the motion based on only scant and incomplete and contradicted evidence. This request should be denied. *Estate of Lennon by Lennon v. Screen Creations, Ltd*., 939 F. Supp. 287, 292 (S.D.N.Y. 1996) (where materials outside the pleadings are "scanty, incomplete, or inconclusive" the court should not convert a motion to dismiss to a motion for summary judgment). At most, Complex has raised a question of fact best suited for the summary judgement stage or trial.

## III.   Argument

To properly plead infringement, Richardson must plead ownership of the work at issue and violation of one of his exclusive rights under Section 106 of the Copyright Act. 17 U.S.C. § 106. He has done so here, alleging his ownership of the Photograph and Complex's reproduction

of the Photograph and distribution and display of the Photograph via Instagram's servers, which are in California. Complex's arguments to the contrary lack merit.

Richardson identified the Photograph in the Complaint, alleged ownership of the Photograph and has alleged that he obtained a registration for the Photograph from the United States Copyright Office prior to filing suit. D.E. 15, ¶11. Richardson also specifically pleads that Complex has its principal place of business in New York and that it created and operates the @complex_uk Instagram feed and account and that it displayed and distributed without consent his Photograph on that feed. Richardson further alleges that Photograph was uploaded to, and published and displayed from, Instagram's United States servers, that Complex has the right to and does control what content is uploaded to its Instagram account, that the Photograph was posted for the benefit of Complex in the United States and that it directs users to Complex's United States website, and that the posting of the Photograph took place in the United States or that Complex directed that the Photograph be uploaded from the United States. D.E. 1 ¶¶5, 7, 12 – 20. The allegations, taken as true and drawing all reasonable inferences in Richardson's favor, as is required at the pleading stage, are more than sufficient to support a claim for copyright infringement in the U.S. by a U.S. company. These allegations are thus sufficient under Fed.R.Civ.P. 8 to plead a claim for copyright infringement in the United States and, so owing, the Motion fails.

### A. Defendant's Arguments Lack Merit

#### 1. The infringement occurred in the United States

Complex's "extraterritoriality" argument fails because the infringing acts at issue occurred in the United States. Our copyright laws generally do not have extraterritorial application, but that is irrelevant here because the infringing acts of reproduction and display occurred in the United States. *See Update Art, Inc. v. Modiin Publ'g, Ltd.,* 843 F.2d 67, 73 (2d Cir.1988). The applicability of U.S. copyright laws to the infringement thus "depends on the

occurrence of a predicate act in the United States, [and] the geographic location of the illegal reproduction is crucial." *Update Art*, 843 F.2d at 73 *635.

Here, the geographic location of the illegal reproduction and display was in Northern California. It occurred when Complex (or W00T! Media, at Complex's direction) reproduced the Photograph on Instagram's servers, "which are located in the Northern District of California" and displayed the Photograph via those servers to the U.S. public. *California Beach Co., LLC . v. Han Xian Du*, No. 19-CV-08426-YGR (LB), 2020 WL 6276987, at *4 (N.D. Cal. Aug. 13, 2020), *report and recommendation adopted sub nom. California Beach Co. LLC v. Han Xian Du*, No. 4:19-CV-08426-YGR, 2020 WL 6271225 (N.D. Cal. Oct. 26, 2020), citing *Automattic., Inc. v. Steiner, 82 F. Supp*. 3d 1011, 1023 (N.D. Cal. 2015).

Copyright laws protect a creator's reproduction right, and that right was violated when Complex (or W00T! Media at Complex's direction) reproduced the Photograph on Instagram's servers in California. 17 U.S.C. § 106(1). To be sure, "[c]ourts have consistently held that the unauthorized duplication of digital ... files over the Internet infringes a copyright owner's exclusive right to reproduce." *Capitol Records, LLC v. ReDigi Inc*., 934 F.Supp.2d 640, 648 (S.D.N.Y. 2013). Here, the infringement occurred in California when the Photograph was digitally duplicated on Instagram's servers. It then reoccurred every time the Photograph was viewed by U.S. viewers on Complex's website/account.

Additionally, the FAC alleges that Complex, a US company, created the complex_uk account. D.E. 16, ¶7. It is thus irrelevant that W00T! Media may have uploaded the Photograph to the account. By way of example, if a foreign correspondent living in Bucharest posted a copyrighted image without authorization to www.nytimes.com, the New York Times would still be liable for that infringement since it is the New York Times' website on which the infringing display occurs.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Complex is the party that violated Richardson's exclusive "display" right in the United States. "The Copyright Act unambiguously states that "[t]o 'display' a work means to show a copy of it, either directly or by means of a film, slide, television image, or any other device or process ...." 17 U.S.C. § 101. The definition's usage of the phrase "any other device or process" clearly brings showing a copy of a work through a computer within the statutory definition of "display." Thus, each unauthorized showing of a Work through a computer infringes on the owner's right of public display. Other courts that have considered this issue have reached similar conclusions." *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489, 498 (2019). Here, each time Complex displayed the Photograph to a viewer on its complex_uk account (whether via website or application), it violated Richardson's rights under Section 106(5) and the identity of the individual that posted the infringing work is irrelevant to that analysis. Thus, the commonsensical conclusion is that Complex is liable for infringing content – such as the Photograph – that is displayed on Complex's the websites and social media accounts owned and controlled by Complex.

### 2. The "predicate act" doctrine applies

In the alternative, Complex (or W00T! Media at its direction) engaged in predicate acts in the U.S. that allowed for further infringement abroad, which is sufficient to find infringement. Copyright claims survive a motion to dismiss so long as a plaintiff alleges an act of domestic infringement *or* a domestic predicate act that allows for international infringement. While true "that copyright laws generally do not have extraterritorial application,"[2] infringement must still be found when a defendant "(1) commits a predicate infringing act—such as the unauthorized manufacture of copyrighted material—in the United States, and (2) the act permits further

---

[2] *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988)

reproduction abroad, the defendant might be liable for related infringing acts occurring outside the country." *Craig v. UMG Recordings, Inc*., 380 F. Supp. 3d 324, 331 (S.D.N.Y. 2019), reconsideration denied, No. 16-CV-5439 (JPO), 2019 WL 2992043 (S.D.N.Y. July 9, 2019), *citing Robert Stigwood Grp. Ltd. v. O'Reilly*, 530 F.2d 1096, 1101 (2d Cir. 1976).

Courts routinely hold that parties located abroad that publish infringing content to U.S. websites are liable for infringement in the U.S. *Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1145 (N.D. Cal. 2011)( plaintiff stated a claim for copyright infringement against a defendant who made a video in Canada that infringed the plaintiff's copyright, and then uploaded that video in Canada to YouTube's California servers.); *see also Crunchyroll, Inc. v. Pledge*, No. C 11-2334 SBA, 2014 WL 1347492, at *17 (N.D. Cal. Mar. 31, 2014)(content that was assumedly uploaded in United Kingdom were "transmitted, through YouTube's California Services, to potentially thousands of viewers in the United States. Thus, the infringing conduct was not "wholly extraterritorial" to the United States").

The facts here, even as alleged by Complex, square with the above. Complex owns the "complex_uk" website/account and is responsible for the content published thereupon. If W00T! Media published content to Complex's website/account from the UK, the content would have been transmitted through Instagram's U.S. servers to potentially thousands of viewers in the U.S. This is sufficient to establish infringement at this stage.

The "predicate act" doctrine thus permits the pursuit of claims against Complex, who, acting in the U.S., directed and authorized a third-party to publish infringing content to its account/website, which Complex then displayed to U.S. viewers. *Levitin v. Sony Music Entm't*, 101 F. Supp. 3d 376, 385 (S.D.N.Y. 2015)(one "who commits an act of infringement in the U.S. [that] permits further reproduction outside of the U.S. ... is liable for infringement under the U.S.

Copyright Act.")(citation omitted) The predicate act must, as it does here, independently violate the copyright laws. Id.

Complex argues that Richardson has not pled any predicate act of infringement occurring in the United States. But as detailed above, Richardson alleges a bevy of predicate acts including that Complex owns and operates the complex_uk Instagram account and that it posted and displayed his Photograph on the complex_uk Instagram account. D.E. 16, ¶¶7, 12, 17, 18. The FAC further alleges that Complex directed W00T! Media to publish and display the Photograph and that it did so from its New York office and that Complex and/or W00T! Media made copies of the Photograph from Instagram's United States servers and uploaded the infringing image to the same United States servers. Id, ¶¶20, 21. The posting of the Photograph by a United States company to its Instagram account/website is unquestionably a predicate act in the United States and as set out below, the screenshots of the complex_uk Instagram account and of www.complex.com presented in the Motion do not in any way contradict these allegations.

And assuming arguendo that the complex_uk account is operated by W00T! Media, that fact alone does not mean or even imply that Complex does not direct W00T! Media's postings or provide it with content to post on the complex_uk account or instructions as to what to post. In fact, Complex owns the Complex trademarks in the United Kingdom, the complex_uk Instagram account links directly to Complex.com (a United States website) and there can be little doubt that Complex oversees, benefits from and guides the content on that account.

Richardson has adequately pled predicate acts of infringement and the Motion fails.

### 3.  Richardson has adequately pled the "plus-factors"

Even if the Court accepts Complex's argument that the FAC merely alleges – or only plausibly alleges – that the Photograph was posted by W00T! Media in the United Kingdom on a United Kingdom Instagram account, as Complex acknowledges, the inquiry does not end there.

Complex argues that making infringing content viewable over the internet to United States viewers may not give rise to claim for infringement in the United States. This argument fails for the reasons set forth above. But, at a bare minimum, when the infringing content is viewable in the U.S. and some "plus" factor is alleged, the claim will survive. *See, State St. Glob. Advisors Tr. Co. v. Visbal,* 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020) The "plus" factors include (1) the direction of copyrighted material into the United States; (2) when foreign acts are intended to, and do, have an effect within the United States; and, (3) the uploading of copyrighted materials to servers located in the United States. Id. Richardson has sufficiently pled all three enumerated "plus factors" and as such the Motion fails. Courts have held, for example, that publishing infringing material in the UK that was transmitted to U.S. viewers was sufficient to find infringement. *See Crunchyroll, Inc. v. Pledge*, No. C 11-2334, 2014 WL 1347492, at *17 (N.D. Cal. Mar. 31, 2014) (defendant who copied and uploaded copyrighted television episodes while in United Kingdom could be liable where those episodes were transmitted to United States viewers).

The FAC alleges that complex_uk is targeted and directed at Instagram users in the United States and that the Photograph was targeted and directed at United States users. D.E. 16, ¶17. It further alleges that complex_uk account is intended to and does drive traffic to Complex's United States website and online retail store for Complex's financial gain and benefit in the United States. Id. at ¶19. The FAC also alleges that Complex and/or its agent and affiliate W00T! Media (D.E. 16, ¶8, 10) took the original Photograph from Instagram servers in the United States and posted the infringing image to the same Instagram server. *See, Shropshire v. Canning*, 809 F. Supp. 2d at 1145.

The FAC also alleges that Complex is located in New York, published and/or displayed the Photograph for "commercial purposes" and that it "obtained direct and indirect profits" from

its uses. D.E. 16, ¶¶12, 27. These profits were received in the United States by Complex and had

an effect in the United States. Similarly, use of the Photograph burnished Complex's brand and

brand identity and directed traffic to Complex's United States website www.complex.com and its

online retail store having further and additional effects in the United States. These allegations

support a claim for U.S. copyright infringement. *See United Features Syndicate, Inc. v. Miller*

*Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 225 (S.D.N.Y. 2002) (holding that allegations of

infringement from posting images on defendant's website were sufficient to state a valid claim

for copyright infringement and finding that defendant's argument that plaintiff failed to plead

infringement in the U.S. "border[ed] on the frivolous" because the court could infer that the

plaintiff discovered infringing material from the computers in the U.S.); *Michael Grecco Prods.*

*V. Valuewalk LLC*, 345 F. Supp. 3d 482, 499 (S.D.N.Y. 2018) (Woods, J.) (quotation omitted)

(explaining the "exception when those [foreign] acts are intended to, and do, have an effect

within the United States"); *see also Spanski Enters. V. Telewizja Polska, S.A.*, 883 F.3d 904,

916) (D.D.C. 2018) (holding that a foreign broadcaster that directs infringing performances into

the U.S. from abroad commits domestic copyright violation).

     Here, it has been alleged that Complex owns, operates and/or controls the complex_uk

account and that it does so for its benefit. The Motion does not disavow Complex's ownership or

right to operate the account and cannot credibly argue that its own Instagram account is not

directed at the United States or has no benefit in the United States.[3] As shown on Exhibit 1 to the

---

[3] It is significant that Motion does not disavow Complex's ownership of the complex_uk account
while it casts shade on so-called speculative allegations that it operates the account and that
W00t! Media was acting as an affiliate of Complex with Complex's knowledge. See, D.E. 20 at
7. Said allegations are not facially speculative – it would be implausible to suggest that Complex
would not own an account bearing its name and directing traffic to its website or that the account
is operated by an unaffiliated entity. Indeed, Complex's own attorney admits that W00T! Media
is a Complex affiliate and that Complex "takes responsibility" for W00t! Media's posting.

Burroughs Declaration filed herewith, Complex acknowledges that "complex_uk" is indeed its account and that (by implication) the Photograph was at one time stored in its "image database."[4]

Despite the foregoing, Complex asks the Court to ignore the factual allegations or take several leaps of logic to conclude that the infringing conduct occurred extraterritorially without any involvement by, or benefit to, Complex. (D.E. 21-1, 21-2). Complex's entire Motion appears to rest on the unsupported (and certainly unpled) proposition that the *name* of the website/account – "complex_uk" – is dispositive. To the contrary, the name of the website/account is irrelevant.[5]

At no time does Complex disavow ownership or control over that website/account and it offers no authority or any facts to state that a United States company cannot use the term "uk" in the name of a website/account. Notably, it cites provisions from Instagram's Terms of Use (see D.E. 20 at 12) pertaining to Instagram's servers and data transfer policies but does not provide citations from Instagram (or elsewhere) to suggest that a person in the United States cannot use "uk" in its Instagram handle or that the use of "uk" necessarily means that an account is based in or strictly operates in the United Kingdom. The court should not, especially at the pleadings stage, draw such an unfavorable and unsupported conclusion from the operative complaint.

Next, as part of the same flawed argument, Complex claims that the "complex_uk" Instagram account's "linkin.bio" feature links Instagram users to "Complex Media's United

---

Complex's attorney also refers to the complex_uk Instagram account as "our" account. To wit: "The image in question no longer resides on our social media pages or in our image database." Declaration of Scott Alan Burroughs ("Burroughs Decl.") ¶2, Exhibit 1.

[4] This alone is sufficient to prove infringement, as Complex has violated Richardson's exclusive reproduction right by making the unauthorized copy. See 17 USC 106(1).

[5] By way of example, if one were to publish a website called "www.CanadaCopyrightInfringement.com" it certainly would not prove that the infringement on the site (if there was any) occurred in Canada.

Kingdom website – not its United States website." D.E. 20 at 8. Complex concedes that it owns Complex.com, the website in question, and does not disavow its operation of same nor does it deny that the website is operated from and in the United States. And neither the FAC nor the documents adduced by Complex (which Complex purports to be incorporated into the operative complaint) can be fairly read to state that the website mentioned in the FAC or cited by Complex in its Motion is not indeed a United States website. To the contrary, the FAC specifically alleges that it is a United States website (D.E. 16, ¶18) and information on the website supports this allegation. And it must be because Complex only has facilities in the U.S.

### 4. Complex's own website makes clear that it owns and controls the Complex UK website

Complex claims that Complex UK website is distinct from its United States website, but that is not the case and it is certainly not pled as such.

The screenshot attached to the Motion (D.E. 21-2) shows a screenshot of a website at www.complex.com – the "UK" label is merely cosmetic. Indeed, the Terms of Use on www.complex.com/uk state as follows:

> Welcome!  Complex Media, Inc. ("Complex") owns and operates the website (including mobile-optimized versions) or application (collectively, the "Sites") that you are currently visiting.  In addition, Complex has "Affiliates," which are companies that control, are controlled by, or are under common control with Complex (control meaning ownership of 15% or more of voting stock or other ownership interests), and these Affiliates may also participate in the operation of the Sites.

Burroughs Decl. ¶3, Exhibit 2. These are precisely the same Terms of Use one views from www.complex.com and in any event to the extent there is a distinct Complex UK website (there is not), it is hosted on and incorporated into the United States Complex.com website. Id. ¶4, Exhibits 3 and 4. Specifically, and as shown on the foregoing Exhibits 3 and 4, Complex UK is nothing more than a section on www.complex.com, which is a United States website. The FAC

further alleges that the Terms of Use for the website require that disputes regarding the site and content shall be governed by the laws of the State of New York, without regard to its conflict of law provisions. D.E. 16, ¶18.

The exhibits provided by Complex do not establish that either the Instagram account at issue or the Complex website are not controlled or operated in the United States and in any event, the documents are insufficient to contradict the pleadings or to establish that the pleadings are merely speculative. Further, the documents adduced via this opposition contradict the purported evidence adduced by Complex. There is at minimum a question of fact on this issue and dismissal under Fed. R. Civ. P. 12(d) is not appropriate.

Complex's citations to Instagram's Terms of Use do not help its cause either. First, given that Richardson has plead a claim for domestic infringement, the Instagram Terms of Use are simply irrelevant. But even if they were relevant at this stage, they in no way establish that the Photograph was not uploaded to Instagram's United States servers. The first paragraph cited by Complex states, in relevant part, "[t]o provide our global Service, we must store and transfer data across our systems around the world, including outside of your country of residence." D.E. 20 at 12. Assuming arguendo that W00T! Media uploaded this Photograph to the complex_uk account whilst in the United Kingdom[6] this paragraph does not categorically establish or even imply that the Photograph would not have been uploaded to a United States server. Indeed, given that the data would be stored "outside of your country of residence" it is certainly plausible that even if the person uploading the Photograph was in the UK, that the Photograph would have been uploaded via a United States server.

---

[6] Even if complex_uk was established in the UK, anyone with control over that account could upload photographs from within the United States.

The next portion of Instagram's Terms of Use cited by Complex provides in relevant part, "[y]our information may, for example, be transferred or transmitted to, or stored and processed in the United States or other countries outside of where you live for the purposes as described in this policy."  This of course does not preclude the Photograph being uploaded to United States servers. Indeed, it can be read to state – consistent with the allegations in the FAC – that the Photograph was uploaded via a United States server.

At bottom, Richardson has a plead a prima facie case of direct domestic copyright infringement against Complex, the documents and Terms of Use cited Complex are not inconsistent with the pleadings nor do they make the pleadings merely speculative, and so owing the Motion should be denied.

### 5.       Complex is liable for the acts of W00T! Media

Assuming arguendo that W00T! Media is responsible for publishing the Photograph, Complex is liable for W00T! Media's conduct, regardless of where it occurred. It is settled that a "defendant in an infringement action may be held liable for acts of infringement if that defendant is either contributorily or vicariously liable for another's direct act of infringement. Where those acts of infringement occur within the United States and a plaintiff seeks to hold a foreign defendant contributorily or vicariously liable for those acts, it has been held that subject matter jurisdiction may exist, and that the exercise thereof does not conflict with the doctrine of nonextraterritoriality." *Armstrong v. Virgin Records, Ltd*., 91 F. Supp. 2d 628, 635 (S.D.N.Y. 2000), *citing GB Marketing USA Inc. v. Gerolsteiner Brunnen GmbH & Co*., 782 F.Supp. 763, 773 (W.D.N.Y.1991); c.f. Metzke, 878 F.Supp. at 760 (holding, despite defendant's claim that it could not be held liable for infringing acts of third-parties, that defendant could be held liable for foreign third party's infringement "if it knew or should have known that [third party] Maru

Fung's copies of Ms. Metzke's designs would be distributed by non-May retailers in the United States.")(remaining citations omitted).

And notably, while the Motion states that W00T! Media "operates" the United Kingdom Instagram account, it does not state that Complex does not provide content for the account nor that Complex does not have authority or control over the account or that Complex did not create the account. Indeed, it would be absurd for it do so since Complex has an interest in maintaining and developing its own brand and trademarks which are registered in the United States and the United Kingdom.

Complex argues that *State St. Glob. Advisors Tr. Co. v. Visbal,* 431 F. Supp. 3d 322 is "particularly instructive" here, but in fact, its inapposite. This case involves Complex, a Delaware corporation, headquartered in New York, and Complex's own Instagram account, whereas in *State St*, plaintiff alleged the defendant was an Australian company targeting a domestic Australian audience with no alleged ties to the United States or ties to the Instagram account in question. *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020).

The plus factors are not the only manner by which conduct outside the United States implicates the Copyright Act. As set out in *Craig v. UMG Recordings, Inc.,* "if a defendant (1) commits a predicate infringing act—such as the unauthorized manufacture of copyrighted material —in the United States, and (2) the act permits further reproduction abroad, the defendant might be liable for related infringing acts occurring outside the country." *Craig v. UMG Recordings, Inc.,* 380 F.Supp.3d 324, 331 (S.D.N.Y. 2019), *citing Robert Stigwood Grp. Ltd. v. O'Reilly,* 530 F.2d 1096, 1101 (2d Cir. 1976). In *Craig v. UMG Recordings, Inc.,* defendant UMG's employee's transmittal of a photograph over the internet to UMG's foreign affiliate was "sufficient to constitute a predicate act for the purposes of the Copyright Act. *Craig*

*v. UMG Recordings, Inc.,* 380 F.Supp.3d at 332. See also, *Capitol Records, LLC v. ReDigi Inc*., 934 F.Supp.2d 640, 648-51 (S.D.N.Y. 2013)(holding that unauthorized online transfer of digital musical files infringes copyright owner's reproduction right); *Update Art, Inc. v. Modiin Publ'g, Ltd*., 843 F.2d 67, 73 (2d Cir. 1988). (observing that illegal reproduction of a copyrighted work in the United States constitutes a predicate act).

Here, Complex only goes so far as to state that W00T! Media operates the complex_uk account but does not state that it did not transmit the Photograph to W00T! Media. And assuming that W00T! Media published the photograph to that account, such publication alone would suffice to find infringement. *Los Angeles News Service v. Conus Communications Co. Ltd*., 969 F.Supp. 579, 582)(C.D.Cal.1997) (broadcaster who transmitted a signal containing material that infringed a United States copyright when that broadcast signal, intended for Canadian homes, was also picked up by 8,000 televisions in the United States.) And it matters not whether W00T! Media intended the Photograph to be displayed to U.S. viewers. *Id*. In any event, as set out above, if W00t! Media posted the Photograph, it posted it to the Instagram account owned by a New York company.

Notably, *Craig v. UMG Recordings, Inc.,* was not decided at the pleading stage but rather on summary judgment after the parties conducted discovery. Here, Richardson should be entitled to conduct discovery so as to determine the full extent of Complex's involvement as pertains to the selection, transmittal, approval, posting and display of the Photograph.

Discovery should also be allowed to determine which Instagram servers the Photograph was uploaded by.

## B.    The Claim for Secondary Liability Survives

Complex does not move to dismiss Richardson's claim for vicarious and/or contributory infringement and accordingly the claim should survive.

### C.      Attorneys' Fees

In the event the Court dismisses the case without leave to amend, Complex is not entitled to recover its attorneys' fees and it certainly hasn't established that it is entitled to recover fees under applicable law in its Motion. Indeed, the fact that a defendant has prevailed on a motion to dismiss (Complex should not prevail here) or on a motion for summary judgment does not automatically require an award of fees. *See, Harris v. Wu-Tang Productions, Inc*., No. 05 Civ 3157 (WHP), 2006 WL 1677127, at *5 (S.D.N.Y. June 16, 2006); *Hoepker v. Kruger*, 200 F.Supp.2d 340, 355 (S.D.N.Y. 2002). Complex has made no showing whatsoever that it is entitled to fees under applicable standards[7] and it request should be denied.

## IV.      Leave to amend should be granted.

Although Richardson maintains that there are no deficiencies in the FAC and that the Motion should be denied in toto, whether the Court denies the Motion or grants it in whole or in part, he respectfully requests leave to amend his complaint per the "liberal" standard of Fed. R. Civ. P. 15.  Of course, "when a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (citations and quotations omitted).

///

---

[7] While there is no exact formula for determining whether an award of fees is appropriate, courts exercising their discretion consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 535 n. 19 (1994).

**V.     Conclusion**

Richardson has adequately pled his claims, alleging that the infringement at issue was displayed on a U.S. website and account controlled and owned by a U.S. company and stored on U.S. servers.  Complex concedes that it owns and operates the "complex_uk" account and that it created and maintained in its files (until this dispute arose) an unlawful reproduction of the Photograph. Complex has infringed Richardson's copyrights and this motion should be denied. In the alternative, leave to amend is respectfully sought.


                                            Respectfully submitted,


Dated: November 24, 2020                By:  */s/ Scott Alan Burroughs*
Brooklyn, New York                           Scott Alan Burroughs, Esq.
                                             Laura M. Zaharia, Esq.
                                             DONIGER / BURROUGHS
                                             231 Norman Avenue, Suite 413
                                             Brooklyn, New York 11222
                                             (310) 590-1820
                                             scott@donigerlawfirm.com
                                             lzaharia@donigerlawfirm.com
                                             Attorneys for Plaintiff
                                             Marc Richardson