**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARC RICHARDSON,<br><br>                    Plaintiff,<br><br>-against-<br><br><br>COMPLEX MEDIA, INC., a Delaware Corporation individually and doing business as "Complex" and "Complex UK"; W00T! Media Ltd., a United Kingdom Private Limited Company; and DOES 1-10,<br><br>                    Defendants. | Civil Action No.: 1:20-cv-06201 (JSR) (KHP) |

---

**DEFENDANT COMPLEX MEDIA, INC.'S MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

---

Nancy A. Del Pizzo
nancy.delpizzo@rivkin.com
**RIVKIN RADLER LLP**
25 Main Street, Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,*
*Complex Media, Inc.*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

I. THERE IS NO ALLEGATION IN THE AMENDED COMPLAINT NOR ANY RATIONAL BASIS TO SUPPORT PLAINTIFF'S ARGUMENT THAT THE ALLEGED INFRINGEMENT ON A UNITED KINGDOM INSTAGRAM PAGE IS GEOGRAPHICALLY LOCATED IN NORTHERN CALIFORNIA ............................... 2

II. PLAINTIFF'S CITATIONS ARE INAPPOSITE OR SUPPORT DISMISSAL ............... 3

III. THERE IS NO ALLEGED PREDICATE ACT IN THE UNITED STATES ................... 7

IV. LIABILITY OF COMPLEX MEDIA CANNOT BE DETERMINED ............................. 9

V. COMPLEX MEDIA IS ENTITLED TO FEES AND COSTS .......................................... 9

CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alfa Laval v. Flowtrend*, No. H-4-2597,
    2016 WL 2625068 (S.D. Tex., May 9, 2016) ...................................................................6

*APL Microscopic, LLC v U.S.*,
    144 Fed. Cl. 489 (2019) .................................................................................................5, 6

*Armstrong v. Virgin Records, Ltd.*,
    91 F.Supp.2d 628 (S.D.N.Y. 2000) ....................................................................................5

*Bell v. The Oakland Comty. Pools Project, Inc.*,
    No.: 19-cv-01308, 2020 WL 4458890 (N.D. Cal. May 4, 2020) ........................................6

*Craig v. UMG Recordings, Inc.*,
    380 F.Supp.3d 324 (S.D.N.Y. 2019) ...................................................................................2

*Crunchyroll, Inc. v Pledge*,
    No. C 11-2334, 2014 WL 1347492 (N.D. Cal. March 31, 2014) .......................................3

*Fun-Damental Too, Ltd. v Gemmy Indus. Corp.*,
    No. 96-cv-1103, 1996 WL 724734 (S.D.N.Y. Dec. 17, 1996) ............................................5

*GB Marketing USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*,
    782 F. Supp. 763 (W.D.N.Y. 1991) ....................................................................................4

*Kelly v. L.L. Cool J.*,
    145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd sub nom*, 23 F.3d 398 (2d Cir. 1994 ) ....................7

*Levitin v. Sony Music Entm't*,
    101 F.Supp.3d 376 (S.D.N.Y. 2015) ................................................................................4, 5

*McBee v. Delica Co.*,
    417 F.3d 107 (1st Cir. 2005) ...............................................................................................8

*Michael Grecco Prods. v. Valuewalk LLC*,
    345 F.Supp.3d 482 (S.D.N.Y. 2018) ................................................................................4, 6

*Perfect 10, Inc. v. Yandex N.V.*,
    962 F. Supp. 2d 1146 (N.D. Cal. 2013), *as amended* (Sept. 6, 2013) ...............................8

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014) ......................................................................................................... 6

*Shropshire v. Canning*,
    809 F.Supp.2d 1139 (N.D. Cal. 2011) ........................................................................ 3, 4

*Spanski Enters. v. Telewizja Polska, S.A.*,
    883 F.3d 904 (D.D.C. 2018) ........................................................................................... 4

*State St. Glob. Advisors Tr. Co. v. Visbal*,
    431 F. Supp. 3d 322 (S.D.N.Y. 2020) ........................................................... 3, 5, 6, 8, 10

*U.S. v. Gonzalez*,
    442 F.2d 698 (2d Cir. 1970) ........................................................................................... 8

*United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*,
    216 F.Supp.2d 198 (S.D.N.Y. 2002) .............................................................................. 4

*Wolf v. Travolta*,
    167 F. Supp. 3d 1077 (C.D. Cal. 2016) ......................................................................... 6

**Federal Statutes**

17 U.S.C. § 505 ..................................................................................................................... 9, 10

**Federal Rules**

Fed. R. Civ. P. 12 ...................................................................................................................... 10

Fed. R. Civ. P. 4(f) ...................................................................................................................... 1

**PRELIMINARY STATEMENT**

Plaintiff's claim is and remains copyright infringement of a photograph that was posted on a United Kingdom social media page, specifically a United Kingdom Instagram page, and by a United Kingdom based company (now named as an additional defendant).[1] None of Plaintiff's new blanket conclusory suppositions in his opposition brief ("Opp. Br.") refutes those facts. Nor could they since it is the allegations in the Amended Complaint that govern this motion, which includes documents attached to the Amended Complaint as an exhibit or incorporated by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit. There is no alleged infringement on any website – in the U.S. or the U.K or anywhere else. There also is no alleged predicate act in the United States. Plaintiff ignores the case law holding that without a predicate act of copyright infringement in the United States, it matters not that there is a corporate office, affiliate, or licensor (as in this case) located in the U.S. It also matters not that Complex Media authorized or directed the use in the United Kingdom.

Plaintiff's one-sentence statement on page 16 that "Complex does not move to dismiss Richardson's claim for vicarious and/or contributory infringement…" is brazenly inaccurate, as Complex Media's Notice of Motion (D.E. 19) expressly seeks dismissal with prejudice of the Amended Complaint in its entirety. Plaintiff likely ignored the Notice because he recognizes that a vicarious and/or contributory copyright infringement claim under the U.S. Copyright Act cannot survive absent a direct claim under the U.S. Copyright Act.

---

[1] Plaintiff apparently recognizes he is in the wrong Court as he has not sought to serve the United Kingdom defendant. Pursuant to FRCP 4(f) and applicable law, such service is required to follow the requirements of the Hague Convention, and no such request has been made to this Court nor has Plaintiff served Complex Media with any such papers to show Plaintiff has taken any action to effectuate service of the United Kingdom defendant.

1

Plaintiff cannot overcome the law. The Amended Complaint must be dismissed. And Complex Media is entitled to its legal fees and costs for defending this frivolous lawsuit.

I.   **THERE IS NO ALLEGATION IN THE AMENDED COMPLAINT NOR ANY RATIONAL BASIS TO SUPPORT PLAINTIFF'S ARGUMENT THAT THE ALLEGED INFRINGEMENT ON A UNITED KINGDOM INSTAGRAM PAGE IS GEOGRAPHICALLY LOCATED IN NORTHERN CALIFORNIA**

Plaintiff concedes that United States copyright law does not apply to acts of infringement that take place outside of the United States, even if a defendant is a U.S. citizen. *See Craig v. UMG Recordings, Inc.*, 380 F.Supp.3d 324, 331 (S.D.N.Y. 2019). Thus, he argues fabricated, outlandish and legally insufficient "facts"[2] in his brief, including that because the corporate entity and non-party, Instagram, is located in California, and Instagram's U.S. website has terms of use designating California as the choice of law, that somehow an alleged infringement that occurred on a United Kingdom Instagram page is covered by California law and geographically "located in Northern California." Notwithstanding that none of these unsupportable conclusory "facts" are in the Amended Complaint, Plaintiff fails to cite any law to support the misguided notion that a United Kingdom Instagram page is "geographically located in Northern California."  Nor does he provide any choice of law analysis to support his apparent contention that California law applies here.[3] Nor does he provide any legal analysis to demonstrate that the law in this District regarding the U.S. Copyright Act does not apply. He seemingly does this because the bulk of his brief ignores the law of the Southern District of New York, which is not favorable to him, and instead, mostly cites inapposite (and unreported) decisions from California.

---

[2] Outlandish and unsupportable facts permeate Plaintiff's brief.  He even refers to Complex Media, as an "online clothing retailer." (Opp. Br., p. 1).  Just like the other fabricated "facts" peppered throughout Plaintiff's <u>brief</u>, one can look at defendant's website and see that it is not a clothing retailer.

[3] Indeed, his own Amended Complaint conclusorily alleges the choice of law is New York.  (D.E. 21, Del Pizzo Decl., dated November 10, 2020, Exhibit A, ¶ 18; *see also* D.E. 16, ¶ 18).

2

Notably, Plaintiff's new purported 'statements of fact' represent an argument with no basis, are not alleged in the Amended Complaint, and in all events, are contrary to this Court's recognition that Instagram uses servers all over the world for its social media sites outside the U.S., and any claim that Instagram uses its United States servers for a foreign Instagram page "is not reasonable." *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 338 (S.D.N.Y. 2020).

## II.   PLAINTIFF'S CITATIONS ARE INAPPOSITE OR SUPPORT DISMISSAL

Plaintiff cites a number of cases in California, but none are apposite. For instance, Plaintiff cites *Crunchyroll, Inc. v Pledge*, No. C 11-2334, 2014 WL 1347492, at *17 (N.D. Cal. March 31, 2014) for the contention that infringing material in the United Kingdom that "was transmitted to U.S. viewers was sufficient to find infringement." (Op. Brief, p. 9). But in *Crunchyroll*, defendant allegedly copied and uploaded more than 3,000 Anime Episodes while outside the U.S. but transmitted them when in the U.S. "to potentially thousands of viewers in the United States" on YouTube. *Id*. at *17. Here, the alleged infringed photograph was never transmitted to viewers in the United States. It was published on a United Kingdom Instagram page.[4] Plaintiff also relies on *California Beach Co. LLC v. Han Zian Du*, No. 19-cv-08426, 2020 WL 6271225 (N.D. Cal. Oct. 26, 2020) to state that Instagram's severs are located in the "Northern District of California." However, the case mentions absolutely nothing about the location of Instagram's servers and, as previously noted, Instagram's Terms of Use clearly state that its servers are located around the world. *Shropshire v. Canning*, 809 F.Supp.2d 1139 (N.D. Cal. 2011) is also inapposite. There, unlike here, the defendant is alleged to have uploaded a video from Canada to YouTube in the United States and YouTube's Terms of Service specifically stated that its servers were located in

---

[4] As addressed in Complex Media's moving brief, this Court need not consider Plaintiff's blanket conclusory statements that the United Kingdom Instagram page is "targeted and directed at United States users," when there is no factual support for the blanket conclusion.

3

California *Id*. at 1145-1147.  Here, there is no allegation (nor is there) any such uploading to any site in the United States.

Similarly inapposite is *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.,* 216 F.Supp.2d 198, 203 (S.D.N.Y. 2002) (where two entities that had entered into a contractual relationship in New York with New York as the choice of law, had numerous and repeated contacts in New York, the matter primarily involves breach of contract, and the website in issue was operated by the Canadian defendant for the U.S. plaintiff for U.S. viewers);[5] *Michael Grecco Prods. v. Valuewalk LLC*, 345 F.Supp.3d 482, 499 (S.D.N.Y. 2018) (alleged publication occurred in the United States); *Spanski Enters. v. Telewizja Polska, S.A*., 883 F.3d 904, 916 (D.D.C. 2018) (involved directing "infringing performances into the United States…"); *GB Marketing USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*, 782 F. Supp. 763, 773 (W.D.N.Y. 1991) (where distribution of designs occurred in the United States).

In fact, cases Plaintiff cites support dismissal. For instance, Plaintiff argues in his brief that Complex Media "directed and authorized" Woot Media in the United Kingdom to publish the alleged infringed photograph on the United Kingdom website.  (Opp Br., p. 7).  Even if that were true (which it is not), U.S. Copyright law would not apply according to *Levitin*, which Plaintiff cites. *Levitin v. Sony Music Entm't*, 101 F.Supp.3d 376, 385 (S.D.N.Y. 2015) (dismissing complaint as to domestic defendants and noting that even "transporting a sample product from the U.S. to a Chinese factory, as well as authorization and approval of the Chinese factory's activities

---

[5] The Court in *United Feature* applied U.S. Copyright law to some claims.  But in 2020, this Court held that *United Feature* "has limited persuasive authority" because "it cites no case law or other precedent in support of its broad conclusion, and does not, even glancingly, consider its sweeping extraterritorial application of the United States copyright law."  *State Street Global*, 431 F.Supp.3d 339 (noting that *United Feature* is not dispositive because it "would undermine the extraterritorial limitations on U.S. copyright law").

4

from the U.S., did not constitute an actionable predicate act") (citing *Fun-Damental Too, Ltd. v Gemmy Indus. Corp.*, No. 96-cv-1103, 1996 WL 724734, at *4-5 (S.D.N.Y. Dec. 17, 1996)). Moreover, in *Levitin* this Court expressly held that the contention (which Plaintiff makes here) -- "that authorization of copyright infringement abroad constitutes a predicate act in violation of the Copyright Act" – "is outdated and overruled case law." *Id*. (citing *Armstrong v. Virgin Records, Ltd.*, 91 F.Supp.2d 628, 634 (S.D.N.Y. 2000) ("This line of cases [treating authorization of foreign copyright infringement as an actionable predicate act] has been subsequently repudiated, and it is now generally accepted that there can be no liability under the Copyright Act for authorizing an act that itself could not constitute infringement of rights secured by United States law.").

*Levitin* is, of course, but one basis why Plaintiff's claim of vicarious and/or contributory copyright infringement must also be dismissed. Another reason is that vicarious or contributory infringement cannot survive where a direct infringement claim is dismissed. *State Street Global*, 431 F.Supp.3d at 338 ("For all three theories of secondary copyright infringement, there must be the direct infringement of a third party") (citations omitted). Obviously, where U.S. Copyright law does not apply to claims of direct infringement, it also does not apply to claims of secondary infringement. *See id*.

Another case Plaintiff cites that supports dismissal is *Armstrong v. Virgin Records, Ltd.*, 91 F.Supp.2d 628, 635 (S.D.N.Y. 2000) ("geographical location of the illegal reproduction is crucial . . . if the predicate act occurred in Israel, American copyright laws would have no application…")

Plaintiff also cites a Federal Claims court case, *APL Microscopic, LLC v U.S.*, 144 Fed. Cl. 489 (2019), for no apparent reason since it has nothing to do with the extraterritoriality of the U.S. Copyright Act, but rather, discusses whether an infringement on the internet is a new infringement

5

each day it remains viewable. In all events, it was decided by the Court of Federal Claims, a court that only has jurisdiction over infringement claims against the federal government. *See* 4 Nimmer on Copyright § 12.01[E][1].  Moreover, it has been refuted by various courts. *See Bell v. The Oakland Comty. Pools Project, Inc*., No.: 19-cv-01308, 2020 WL 4458890, at *5, n.3 (N.D. Cal. May 4, 2020) (holding that *APL* has flawed reasoning, and is contrary to overwhelming nationwide cases) (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.***,** 572 U.S. 663, 671 n.6 (2014); *see also*, *Wolf v. Travolta***,** 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016); *Nakada + Associates, Inc. v. City of El Monte*, EDCV 16-1467-GW (SPx), 2017 WL 246997, at *3 (C.D. Cal. June 2, 2017); *Alfa Laval v. Flowtrend*, No. H-4-2597, 2016 WL 2625068, at *5, *6 (S.D. Tex., May 9, 2016); *cf. Michael Grecco Prods. Inc. v. Valuewalk, LLC***,** 345 F. Supp. 3d 482, 512 (S.D.N.Y. 2018).

Finally, on page 5 of his brief, Plaintiff tries to use an analogy with no basis. Plaintiff states that if a New York Times foreign correspondent living in Bucharest posted a copyright image without authorization on the New York Times' U.S.-based website, that the New York Times would be liable for that infringement. Complex Media does not dispute that potential likelihood but does dispute that the analogy applies here. It does not. As alleged, the infringement occurred on a United Kingdom social media (Instagram) page, not on Complex Media's United States Instagram page nor on its United States website (or any website whatsoever). Thus, the analogy has no validity. As courts have held, and Plaintiff ignores, the ability in the U.S. to view a foreign social media page does not bring infringements on that page under U.S. Copyright law.[6] *See, e.g., State Street Global*, 431 F.Supp.3d at 340.

---

[6] Plaintiff's reference to an email between his attorney and in-house counsel at Complex Media is curious (but not dispositive of anything here). It does not address the non-extraterritoriality of U.S. Copyright law, but rather, an attempt to resolve an issue before it escalated. However, it is evidence that Plaintiff has been aware that the alleged infringement occurred in the United Kingdom and yet continued to pursue a frivolous claim in the Southern District of New York. In all events,

### III. THERE IS NO ALLEGED PREDICATE ACT IN THE UNITED STATES

It bears repeating that the only alleged infringement in the Amended Complaint is that of an image that appeared on a United Kingdom Instagram page. Plaintiff argues throughout his brief that the predicate act is the content "published to Complex's website" from the United Kingdom, but there is no allegation that the content on the United Kingdom Instagram page was also published on Complex Media's U.S. website or even on Complex Media's U.S. Instagram page. That's because it was not. A plaintiff in a copyright case is obligated to inform a defendant of the where and when of an alleged infringement. *See Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (plaintiff must allege by what acts during what time the defendant infringed the copyright), *aff'd sub nom,* 23 F.3d 398 (2d Cir. 1994 ). Here, Plaintiff informed defendant that the alleged infringement occurred on a United Kingdom Instagram page. He cannot now, by way of argument in his brief, make a plausible blanket assertion that the image was also published on a Complex Media <u>website</u> much less its website in the United States. Nor can he plausibly argue that the "handle" of the Instagram account, being that it is "complex_uk" does not mean it is a United Kingdom account.[7] If the photograph appeared on Complex Media's U.S. Instagram page and/or Complex Media's U.S. website, Plaintiff should have (and would have) included examples

---

Complex Media asked for then as it did in discovery here, and did not receive then nor in discovery here licensing history for the image and/or any other basis for Plaintiff's extraordinary monetary demand.

[7] Instagram allows accounts to add the geographical zone where they are located as a way to differentiate from other accounts. Plaintiff knows complex_uk is generated from the United Kingdom and has no basis to support his conclusory argument here that the account with the "uk" handle is nothing more than "cosmetic" (much less in Northern California). All it takes is to look on Instagram at the site of the alleged infringement and compare it to other "complex" Instagram pages to see the fallacy in Plaintiff's frivolous, unsupportable conclusory statement (made in a brief), e.g., the "complex_uk" Instagram page states that it is in "London, United Kingdom," "complex.za" states that it is in "South Africa," and "complex" states that it is in "New York, New York." The alleged infringement here is at complex_uk – in the United Kingdom.

7

in his Amended Complaint. He did not because they do not exist.[8] The Amended Complaint speaks for itself – it shows the alleged infringed image on a United Kingdom Instagram page.[9]

Further, as this Court noted in *State St. Glob.*, Plaintiff's argument that the United Kingdom Instagram page uses Instagram servers in the United States "is not reasonable." *State St. Glob.*, at 338.[10] Thus, Plaintiff's blanket contrary and unsupported argument lacks merit and should be ignored. So should Plaintiff's blanket argument that "potentially thousands of viewers in the U.S." could view "content transmitted through Instagram's U.S. servers," since the law is clear that just because something is sitting on the internet and available for viewers in the U.S. does not make it fall under U.S. Copyright law when defendant did not intentionally transmit it to U.S. viewers. *See id.* at 340; *see also, Perfect 10, Inc. v. Yandex N.V.,* 962 F. Supp. 2d 1146, 1153 (N.D. Cal. 2013), *as amended* (Sept. 6, 2013); *cp McBee v. Delica Co.*, 417 F.3d 107 (1st Cir. 2005) (visibility

---

[8] Plaintiff appears technically challenged. (Op. Br., p. 12). But actually, he is likely trying to confuse the Court. In the Amended Complaint, he alleged infringement on a social media page, not a website, but wants this Court to commingle Instagram (a non party social media platform) with Complex Media's U.S. website, a separate and distinct platform, and leap to the conclusion that the alleged infringed photograph on Instagram means it also was published on Complex Media's website. This alone proves the unsoundness of his argument. Plaintiff's counsel is sitting in the U.S., visiting Complex Media's U.S. website's terms of use and arguing that this means an infringement on a United Kingdom social media page is covered under U.S. Copyright law. The argument is nonsensical and frivolous and contrary to the state of the law on the non-extraterritoriality of U.S. Copyright law.

[9] Plaintiff argues in his brief that the United Kingdom Instagram page links to Complex Media's U.S. website. First, no page automatically moves to any other page. A viewer would need to click on a link to move from a page to a website, etc. Second, there is no allegation that the alleged infringed image moves with the link to anywhere because it does not. Thus, even if the UK Instagram page included a link to the U.S. website (which it does not), there is no alleged (or actual) infringement occurring on the U.S. website.

[10] In addition to the binding precedent of *St. Street Global*, this Court is empowered to take judicial notice where adequate information is available, such as Instagram's own statement on its website as to its use of servers throughout the world. *See U.S. v. Gonzalez*, 442 F.2d 698, 707 (2d Cir. 1970).

of defendant's website, which was hosted and managed overseas, in the United States does not constitute "domestic conduct" so as to warrant extraterritorial application of Lanham Act).

Plaintiff does not even try to distinguish these cases because he cannot.

## IV.    LIABILITY OF COMPLEX MEDIA CANNOT BE DETERMINED

Plaintiff argues that Complex Media's email response to his cease and desist letter demonstrates that Complex Media is liable to him for copyright infringement. Whether or not there is liability as to this defendant cannot be determined by this Court under U.S. law because U.S. Copyright law does not apply. And an email demonstrating Complex Media attempting to diffuse a claim pre-litigation does not bring the claim under the United States Copyright Act. Plaintiff neglected to state any legal basis for that argument because there is none.

## V.    COMPLEX MEDIA IS ENTITLED TO FEES AND COSTS

Plaintiff failed to address the law Complex Media cited in its moving brief regarding fees. Instead, he argues that if the Amended Complaint is dismissed, Complex Media must make "a showing" that it is entitled to fees. Frankly, that would turn 17 U.S.C. § 505 on its head. The prevailing party is entitled to fees and costs, and this Court has the discretion to grant them.

Here, Plaintiff knew the facts. He alleged them. He, at all times, is and has been aware that the alleged infringed photograph appeared for a few days on a United Kingdom Instagram page. That is the sole alleged infringement in the initial complaint as well as in the Amended Complaint. He also was presented with voluminous law on the inapplicability of the U.S. Copyright Act after he filed his initial compliant. Instead of withdrawing his lawsuit, he chose to file an amended complaint repeating the same allegations, adding a new defendant, the United Kingdom entity (and failing to serve it), and opposing this motion with new outlandish "statements of fact" that are (i) directly contrary to the decision of this Court in *State St. Global*, (ii) illogical

and demonstrably unsupportable, and (iii) not in the Amended Complaint. There is no basis to allow this Plaintiff to now file a third version of the complaint. *See State St. Global*, 431 F. Supp. 3d at 340. It is time to end this folly.

## CONCLUSION

For the foregoing reasons, and those set forth in its moving brief, defendant Complex Media, Inc., respectfully ask the Court to dismiss the Amended Complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d), and grant Complex Media its legal fees and costs under 17 U.S.C. § 505 and leave to file its affidavit of services for same.

Dated:  December 1, 2020

Respectfully submitted,
**RIVKIN RADLER LLP**

By:   s/ Nancy A. Del Pizzo
Nancy A. Del Pizzo
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)

*Attorneys for Defendant,*
*Complex Media, Inc.*