UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC RICHARDSON, <br><br>    Plaintiff, <br><br>    -against- <br><br> COMPLEX MEDIA, INC. *et al.*, <br><br>    Defendants. | 20-cv-6201 (JSR) <br><br> MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.

Fashion photographer Marc Richardson owns the copyright in a photograph of British rapper Skepta. After Richardson's photo appeared on the @complex_uk Instagram account without his permission, Richardson sued New York-based media company Complex Media, Inc. ("Complex Media") and unidentified defendants "DOES 1 through 10" for copyright infringement. *See* ECF No. 1. Richardson later amended the Complaint to add the U.K. company w00t!Media Ltd. ("Woot Media") as a defendant. *See* ECF No. 16. Richardson alleges that Complex Media owns and operates the @complex_uk Instagram account and that Complex Media, or Woot Media or Does 1-10 acting at Complex Media's direction, copied and uploaded the Skepta photograph to the @complex_uk Instagram account, thereby creating a copy of the photograph on Instagram's servers in the United States.

1

Before the Court is Complex Media's motion to dismiss the First Amended Complaint. For the reasons that follow, the motion to dismiss is denied.

## I.   Background

As noted, Marc Richardson is the sole registered copyright owner of a photograph of British rapper Skepta. First Amended Complaint ("FAC"), ECF No. 16, at ¶ 11. Complex Media is a New York-based media company, and Woot Media is a UK-based company that Complex allegedly hired "to increase and expand the value of the Complex brand." *Id.* ¶ 5-8, 16. Per the First Amended Complaint, Complex Media "created" or "directed Woot Media to create" an Instagram account with the handle @complex_uk. *Id.* at ¶ 7. Complex allegedly controls the content on this Instagram account and has the right to post on the account. *Id.* at ¶ 14-15. The @complex_uk account allegedly targets U.S. Instagram users by "allow[ing] users to click on photographs on the [account] to view content on www.complex.com," which is "a United States website owned and operated by Complex," and links to "Complex's United States online retail shop at https://shop.complex.com." *Id.* at ¶ 18.

"[A]s early as May 2, 2020," Complex Media, Woot Media, and/or the unidentified defendants "DOES 1 through 10" posted the copyrighted photo on the @complex_uk Instagram feed. *Id.* at ¶ 12. The FAC alleges that Woot Media or Complex Media "made a copy of the Subject Photograph from Instagram's servers, which are located

in the United States, before publishing [the photo] without consent" on the @complex_uk account. *Id.* at ¶ 21. The First Amended Complaint further alleges that when Defendants posted the copyrighted photograph to the @complex_uk Instagram account, "the Photograph was uploaded to, and published and displayed from, Instagram's United States servers." *Id.* ¶ 13. Richardson did not consent to Defendant's publication, display, and distribution of the copyrighted work. *Id.* at ¶ 21.

Richardson claims that defendants directly infringed his copyright by copying, publishing, and displaying the photograph in the United States without Richardson's consent. FAC ¶ 25. Richardson also claims that Complex Media vicariously or contributorily infringed the copyrighted photograph by "supervis[ing]" and benefitting from Woot Media's reproduction, "distribution, broadcast, and publication" of the photograph on the @complex_uk Instagram. FAC ¶ 32-33. Richardson seeks injunctive relief, actual damages, statutory damages, costs, and fees. FAC at 8. In response, Complex Media moves to dismiss the operative complaint, arguing that Richardson cannot properly assert copyright infringement claims in this Court, because Richardson has not alleged a domestic act of infringement.

## II. Legal Standard

On a motion to dismiss for failure to state a claim, we "accept[] all of the complaint's factual allegations as true and

3

draw[] all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 78-79 (2d Cir. 2018). Conclusory allegations and "[t]hreadbare recitals of the elements of a cause of action," however, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Once legal conclusions couched as fact have been set aside, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92, 94 (2d Cir. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when the plaintiff goes beyond facts that are "merely consistent with" liability and "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

The Copyright Act does not apply extraterritorially. *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988). Thus, when a copyright infringement claim involves acts abroad, a plaintiff must also allege "a predicate act" of infringement in the United States that permits further reproduction abroad to state a claim upon which relief can be granted. *See id.* It is not enough that a copyrighted work is made available to online users in the United States. To survive a motion to dismiss, a plaintiff must

plead "some 'plus factor'" beyond online availability, such as "(1) the direction of copyrighted material into the United States, (2) [that] foreign acts are intended to, and do, have an effect within the United States, and (3) the uploading of copyrighted materials to servers located in the United States." *See State Street Global Advisors Trust Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020) (internal citations and quotation marks omitted).

Here, Richardson states a claim by alleging a domestic predicate act that is itself an act of copyright infringement. *See Levitin v. Sony Music Ent'mt*, 101 F. Supp. 3d 376, 385 (S.D.N.Y. 2015). Namely, Defendants "uploaded [the copyrighted photo] to, and published and displayed [the photo] from, Instagram's United States' servers" without Richardson's consent. FAC ¶ 13, 21. Copyright infringement requires ownership of a valid copyright and violation of one of the copyright owner's exclusive rights: reproduction, creation of derivative works, distribution, public performance, and public display. *See* 17 U.S.C. § 106; *see also, e.g., Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Richardson adequately pleads ownership of a valid copyright by providing the copyright registration number for the Skepta photograph. *See* FAC ¶ 11. He also pleads violation of at least the exclusive reproduction right by alleging that Woot Media or Complex Media "made a copy of the Subject Photograph from Instagram's

5

servers" and then "upload[ed] the Subject Photograph to the very same U.S.-based Instagram servers." *See id.* at ¶ 21. Because Richardson asserts that Defendants caused a copy of the Skepta photograph to be made on Instagram's servers in the United States, Richardson plainly alleges an act of direct infringement in the United States. *See Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008) (explaining that courts look to "the volitional conduct that causes the copy to be made" to determine "the author of an allegedly infringing instance of reproduction").

In addition, Richardson pleads the necessary "plus factor" by alleging "the uploading of copyrighted materials to servers located in the United States." *See State Street Global*, 431 F. Supp. 3d at 340; *see also Shropshire v. Canning*, 809 F. Supp. 3d 1139, 1145 (N.D. Cal. 2011) (finding that "uploading a video from Canada to YouTube's servers in California for display within the United States . . . constitutes an act of infringement that is not 'wholly extraterritorial' to the United States."). Accepting that factual allegation as true and drawing all reasonable inferences in Richardson's favor, as this Court must do on a motion to dismiss, the Court finds that Richardson has plausibly alleged both a domestic predicate act of infringement and the requisite "plus factor" connecting the infringement to the United States. *See State Street Global*, 431 F. Supp. 3d at 340.

6

Although Complex Media argues otherwise, *State Street Global*, a copyright case also involving an unauthorized Instagram post, is not to the contrary. In *State Street Global*, the district court dismissed a complaint in which plaintiff "d[id] not allege that the images posted by the [foreign] firms used servers located in the United States." *Id.* at 339-40. Where the complaint did not allege the use of United States servers, the Court declined to assume them, observing that "in 2020, . . . large internet service companies locate servers across the globe" and such an inference would not be reasonable. *Id.* at 339. Here, however, Richardson's factual allegations do not require the same inferential leap.

## IV. Conclusion

For the reasons set forth above, the Court denies Complex Media's motion to dismiss.

SO ORDERED.

Dated:   New York, NY

January 22, 2021                    JED S. RAKOFF, U.S.D.J.